FILED
'! CLERK'S OFFICE

**A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.:3 .u: -8 .A .9 3:

| | |
|---|---|
| SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC., <br>                 Plaintiff, | Civil Action   U.S. DISTRICT COURT <br> No.   03- 30219 - MAT   DISTRICT OF MASS. |
| v. | NOTICE OF REMOVAL OF |
| KNOEDLER ARCHIVUM, INC. f/k/a M. KNOEDLER & COMPANY, INC., <br>                 Defendant. | ACTION UNDER 28 U.S.C. <br><br> § 1441 (a) & (b) |

Please take notice that defendant Knoedler Archivum, Inc. ("Knoedler") hereby removes to this Court the state court action described below. Knoedler states the following grounds for removal:

1. On or about August 6, 2003, an action was commenced in the Superior Court of the State of Massachusetts in the County of Hampden entitled *Springfield Library and Museum Association, Inc.* v. *Knoedler Archivum, Inc., f/k/a M. Knoedler & Company, Inc.* Civil Action No. 03 784. A true copy of the complaint is attached hereto as Exhibit A and a true copy of the amended complaint is attached hereto as Exhibit B.

2. The first date upon which defendant Knoedler received a copy of the state court complaint was August 18, 2003, when defendant received by certified mail a copy of the complaint and a summons from the state court. A true copy of the summons and transmittal letter is attached hereto as Exhibit C. This notice of removal is filed within thirty (30) days of Knoedler's receipt of copies of the complaint and summons.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendant

01

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 03 784

SPRINGFIELD LIBRARY AND )
MUSEUM ASSOCIATION, INC., )
    Plaintiff )
 )
v. )
 )
KNOEDLER ARCHIVUM, INC. f/k/a )
M. KNOEDLER & COMPANY, INC., )
    Defendant )

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff, Springfield Library and Museum Association, Inc. f/k/a The Springfield Museums

    (the "Springfield Museums") brings this action against Defendant, Knoedler Archivum, Inc.

    f/k/a M. Knoedler & Company, Inc. ("Knoedler") for Breach of Contract (Count 1), Breach

    of Implied Warranty (Count II), Fraud and Deceit (Count III), Negligent Misrepresentation

    (Count IV), Innocent Misrepresentation (Count V), Breach of the Implied Covenant of Good

    Faith and Fair Dealing (Count VI) and Violations of M.G.L. c. 93A §§ 2, 11 (Count VII)

    stemming from Knoedler's sale to the Springfield Museums of a painting entitled <u>Spring</u>

    <u>Sowing</u> by the Italian artist Jacopo da Ponte known as Il Bassano ("Spring Sowing").

## II. PARTIES AND JURISDICTION

2. The Springfield Museums is a charitable corporation organized under the laws of

    Massachusetts with a principal place of business at 220 State Street, Springfield, County of

    Hampden, Commonwealth of Massachusetts. The Springfield Museums is the successor in

1

interest to the Springfield Museums and acquired all its right, title and interest in and to the within action.

3. Defendant, Knoedler, is a Delaware corporation with a principal place of business at 19 East 70th Street, New York, State of New York. Knoedler Archivum, Inc. is the successor in interest to Knoedler.

4. Jurisdiction is conferred upon this court by M.G.L. c. 212 § 4, M.G.L. 93A §§ 2, 11.

### III. FACTS

5. In or about 1955, Knoedler and the Springfield Museums entered into an agreement (the "Agreement") for the sale of Spring Sowing in consideration for payment of Five Thousand Dollars ($5,000.00).

6. The terms and conditions of the Agreement are memorialized in a Bill of Sale of Personal Property dated April 25, 1955. A copy of the Bill of Sale of Personal Property ("Bill of Sale") is attached hereto as Exhibit "A."

7. The Bill of Sale sets forth that Knoedler "hereby covenant[s] with the grantee that it [is] the lawful owner of the said goods and chattels; that they are free from all encumbrances that it have [sic] good right to sell same as aforesaid; and that it will warrant and defend the same against lawful claims and demands of all persons."

8. The Bill of Sale is signed under seal.

9. Prior to sale of Spring Sowing, Knoedler represented to the Springfield Museums that it maintained an expertise in the sale of Italian Renaissance paintings such as Spring Sowing.

10. Prior to the sale of Spring Sowing, Knoedler represented to the Springfield Museums that it had examined Spring Sowing's provenance and that Knoedler maintained clear title to sell Spring Sowing to The Springfield Museums.

2

11. Knoedler's representations to the Springfield Museums were false whereas Knoedler was not the lawful owner of Spring Sowing and, hence, Knoedler did not maintain good title to sell Spring Sowing to the Springfield Museums.

12. On or about October 20, 2000, the Italian Government transmitted correspondence to the Springfield Museums setting forth facts asserting that Spring Sowing had been stolen from the Italian Embassy in Warsaw during World War II.

13. On June 22, 2001, the Springfield Museums returned Spring Sowing to the Italian government.

14. On or about December 14, 2001, the Springfield Museums demanded Knoedler compensate the Springfield Museums for the value of Spring Sowing.

15. Knoedler has refused and continues to refuse the Springfield Museums' demand for compensation.

## COUNT I – BREACH OF CONTRACT

16. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

17. The Agreement was an unambiguous, integrated, and binding contract.

18. The Springfield Museums fully performed its obligations owed Knoedler pursuant to the Agreement.

19. Knoedler has breached the terms and conditions of the Agreement whereas it failed to ensure Spring Sowing's provenance prior to sale to the Springfield Museums.

20. Knoedler breached the Agreement by failing to ensure it was the lawful owner of Spring Sowing.

21. Knoedler breached the Agreement by failing to convey good and clear title of Spring Sowing to the Springfield Museums.

3

22. Knoedler breached the Agreement by failing to warrant and defend the Springfield Museums against the Italian Government's claim of ownership.

23. As a direct and proximate result of Knoedler's Breach of Contract, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Breach of Contract together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT II – BREACH OF IMPLIED WARRANTY

24. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

25. There existed an implied warranty between Knoedler and the Springfield Museums that Knoedler was the lawful owner of Spring Sowing and Knoedler was conveying good and clear title of Spring Sowing to the Springfield Museums.

26. Knoedler breached its implied warranty as aforesaid.

27. As a result of Knoedler's Breach of Implied Warranty, the Springfield Museums has suffered and continues to suffer damages.

28. WHEREFORE, the Springfield Museums demands judgment for Breach of Implied Warranty together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT III – FRAUD AND DECEIT

29 The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

30. The Springfield Museums was deceived and wrongfully induced to rely, to its detriment, upon Knoedler's misrepresentations and misleading statements and/or omissions regarding Spring Sowing, including but not limited to representations that Knoedler was the lawful

4

owner of <u>Spring Sowing</u>, that it was passing good and clear title to <u>Spring Sowing</u> to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase <u>Spring Sowing</u>.

31. The Springfield Museums' reliance was known or should have been known to Knoedler, and Knoedler made the misrepresentations hereinbeforementioned knowing them to be false and fraudulent with the intention of deceiving and inducing the Springfield Museums to rely on such misrepresentations.

32. As a result of Knoedler's misrepresentations, omissions, and fraudulent concealments, the Springfield Museums learned that Knoedler was not the lawful owner of <u>Spring Sowing</u> until in or about 2001.

33. As a direct and proximate result of Knoedler's fraudulent misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages

WHEREFORE, the Springfield Museums demands judgment for Fraud and Deceit together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT IV – NEGLIGENT MISREPRESENTATIONS

34. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

35. Knoedler's Negligent Misrepresentation that Knoedler was the lawful owner of <u>Spring Sowing</u>, that it was passing good and clear title to <u>Spring Sowing</u> to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase <u>Spring Sowing</u> constitute Negligent Misrepresentation.

36. As a direct and proximate result of Knoedler's Negligent Misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Negligent Misrepresentation together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT V – INNOCENT MISREPRESENTATION

37. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

38. Knoedler's Innocent Mispresentations that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase Spring Sowing constitute Innocent Misrepresentation.

39. As a direct and proximate result of Knoedler's Innocent Misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Innocent Misrepresentation together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT VI – BREACH OF THE COVENANT OF
## GOOD FAITH AND FAIR DEALING

40. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

41. The Agreement carries with it an implied covenant of good faith and fair dealing.

6

42. Knoedler's actions in breaching this Agreement, as set forth above, were undertaken in bad faith and constitute a violation of the Implied Covenant of Good Faith and Fair Dealing.

43. As a direct and proximate result, the Springfield Museums has suffered and continued to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Breach of the Covenant of Good Faith and Fair Dealing together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT VII– VIOLATION OF M.G.L. c. 93A §§ 2, 11

44. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

45. Knoedler has engaged in unfair and deceptive acts or practices proscribed by M.G.L. c 93A §2, 11, and the Attorney General's Regulations promulgated thereunder. As a result, the Springfield Museums has sustained and continues to sustain damages.

46. Knoedler has employed the following unfair and deceptive acts or practices in trade or commerce against the Springfield Museums, each and every one of which standing alone and/or together, constitutes a violation of M.G.L. c. 93A and each and every one of which is alleged as a separate and distinct violation of M.G.L. c. 93A:

a.  Knoedler breached the Agreement.

b.  Knoedler made misrepresentations and misleading statements and/or omissions to the Springfield Museum's detriment that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce The Springfield Museums to purchase Spring Sowing;

7

c. Knoedler made misrepresentations and misleading statements and/or omissions to the Springfield Museum's detriment that it was passing good and clear title to <u>Spring Sowing</u> to the Springfield Museums;

d. Knoedler made misrepresentation and misleading statements and/or omissions to the Springfield Museum's detriment that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase <u>Spring Sowing.</u>

47. As a direct and proximate result of Knoedler's Violations of c. 93A §§ 2, 11, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Violations of c. 93A §§ 2, 11 as follows:

a. Monetary damages;

b. Treble Damages for Knoedler's willful and knowing violations of M.G.L. c. 93A;

c. Attorney's fees, interest and costs; and

d. such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIALABLE HEREIN.**

SPRINGFIELD LIBRARY AND MUSEUMS ASSOCIATION

MARK D MASON, ESQUIRE
Cooley, Shrair, P.C.
1380 Main Street, Fifth Floor
Springfield, MA 01103
Telephone: (413) 735-8040
Fax: (413) 733-3042
BBO# 544936

Dated: August 6, 2003

21553\9\48112

8

# Know all Men by these presents

that  M. Knoedler and Company, Inc.

in consideration of Five thousand dollars ($5,000.00)

paid by The City Library Association, a corporation located in
Springfield, Massachusetts

the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer, and deliver unto the said
City Library Association of Springfield
the following goods and chattels, namely:

Bassano, Jacopo da Ponte, Il  1510-1592
"Spring Sowing"
Oil on canvas
24 x 20 inches

COLLECTIONS:

The picture comes from Mrs. Paech, a Swiss lady in whose family
the picture had remained for a very long time.

To have and to hold all and singular the said goods and chattels to the said City Library
Association of Springfield                                       and its successors
~~administrators~~ and assigns to their own use and behoof forever.

And/the hereby covenant with the grantee     that        it        the lawful owner     of the said
goods and chattels; that they are free from all encumbrances,

that     it        have good right to sell the same as aforesaid; and that        it        will warrant and defend
the same against the lawful claims and demands of all persons,

In witness whereof  it        the said  M. Knoedler and Company, Inc., has
caused this instrument to be signed and sealed by its proper officer
thereunto duly authorized
hereunto set           hand    and seal    this                                                         day of
in the year one thousand nine hundred and  fifty-five

Signed and sealed in presence of

HARRY L. HOBST
Notary Public in the State of New York
No. 03-1118200
Qualified in Bronx County
Cert. filed in New York County
Commission Expires March 30, 1957

"A"
ALL STATE INTERNATIONAL

B



COPY

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 03 784

|  |  |
|---|---|
| SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC., Plaintiff<br><br>v.<br><br>KNOEDLER ARCHIVUM, INC. f/k/a M. KNOEDLER & COMPANY, INC., Defendant | AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

## I. PRELIMINARY STATEMENT

1.  Plaintiff, Springfield Library and Museum Association, Inc. f/k/a The Springfield Museums (the "Springfield Museums") brings this action against Defendant, Knoedler Archivum, Inc. f/k/a M. Knoedler & Company, Inc. ("Knoedler") for Breach of Contract (Count I), Breach of Implied Warranty (Count II), Fraud and Deceit (Count III), Negligent Misrepresentation (Count IV), Innocent Misrepresentation (Count V), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count VI) and Violations of M.G.L. c. 93A §§ 2, 11 (Count VII) stemming from Knoedler's sale to the Springfield Museums of a painting entitled Spring Sowing by the Italian artist Jacopo da Ponte known as Il Bassano ("Spring Sowing").

## II. PARTIES AND JURISDICTION

2.  The Springfield Museums is a charitable corporation organized under the laws of Massachusetts with a principal place of business at 220 State Street, Springfield, County of Hampden, Commonwealth of Massachusetts. The Springfield Museums is the successor in

interest to the Springfield Museums and acquired all its right, title and interest in and to the within action.

3. Defendant, Knoedler, is a Delaware corporation with a principal place of business at 19 East 70th Street, New York, State of New York. Knoedler Archivum, Inc. is the successor in interest to Knoedler.

4. Jurisdiction is conferred upon this court by M.G.L. c. 212 § 4, M.G.L. 93A §§ 2, 11.

## III. FACTS

5. In or about 1955, Knoedler and the Springfield Museums entered into an agreement (the "Agreement") for the sale of Spring Sowing in consideration for payment of Five Thousand Dollars ($5,000.00).

6. The terms and conditions of the Agreement are memorialized in a Bill of Sale of Personal Property dated April 25, 1955. A copy of the Bill of Sale of Personal Property ("Bill of Sale") is attached hereto as Exhibit "A."

7. The Bill of Sale sets forth that Knoedler "hereby covenant[s] with the grantee that it [is] the lawful owner of the said goods and chattels; that they are free from all encumbrances that it have [sic] good right to sell same as aforesaid; and that it will warrant and defend the same against lawful claims and demands of all persons."

8. The Bill of Sale is signed under seal.

9. Prior to sale of Spring Sowing, Knoedler represented to the Springfield Museums that it maintained an expertise in the sale of Italian Renaissance paintings such as Spring Sowing.

10. Prior to the sale of Spring Sowing, Knoedler represented to the Springfield Museums that it had examined Spring Sowing's provenance and that Knoedler maintained clear title to sell Spring Sowing to the Springfield Museums.

2

11. Knoedler's representations to the Springfield Museums were false whereas Knoedler was not the lawful owner of <u>Spring Sowing</u> and, hence, Knoedler did not maintain good title to sell <u>Spring Sowing</u> to the Springfield Museums.

12. It was not until on or about October 20, 2000, that the Springfield Museums had a reasonable basis to believe Knoedler's representations to the Springfield Museums were false.

13. On or about October 20, 2000, the Italian Government transmitted correspondence to the Springfield Museums setting forth facts asserting that <u>Spring Sowing</u> had been stolen from the Italian Embassy in Warsaw during World War II.

14. On June 22, 2001, the Springfield Museums returned <u>Spring Sowing</u> to the Italian government.

15. Prior to June 22, 2001, the Springfield Museums had suffered no damage as a result of Knoedler's actions.

16. On or about December 14, 2001, the Springfield Museums demanded Knoedler compensate the Springfield Museums for the value of <u>Spring Sowing</u>.

17. Knoedler has refused and continues to refuse the Springfield Museums' demand for compensation.

## COUNT I – BREACH OF CONTRACT

18. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

19. The Agreement was an unambiguous, integrated, and binding contract.

20. The Springfield Museums fully performed its obligations owed Knoedler pursuant to the Agreement.

21. Knoedler has breached the terms and conditions of the Agreement whereas it failed to ensure <u>Spring Sowing</u>'s provenance prior to sale to the Springfield Museums.

3

22. Knoedler breached the Agreement by failing to ensure it was the lawful owner of <u>Spring Sowing.</u>

23. Knoedler breached the Agreement by failing to convey good and clear title of <u>Spring Sowing</u> to the Springfield Museums.

24. Knoedler breached the Agreement by failing to warrant and defend the Springfield Museums against the Italian Government's claim of ownership.

25. As a direct and proximate result of Knoedler's Breach of Contract, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Breach of Contract together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT II – BREACH OF IMPLIED WARRANTY

26. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

27. There existed an implied warranty between Knoedler and the Springfield Museums that Knoedler was the lawful owner of <u>Spring Sowing</u> and Knoedler was conveying good and clear title of <u>Spring Sowing</u> to the Springfield Museums.

28. Knoedler breached its implied warranty as aforesaid.

29. As a result of Knoedler's Breach of Implied Warranty, the Springfield Museums has suffered and continues to suffer damages.

30. WHEREFORE, the Springfield Museums demands judgment for Breach of Implied Warranty together with interest, costs, and such other and further relief as this court deems just and proper.

4

## COUNT III – FRAUD AND DECEIT

31. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

32. The Springfield Museums was deceived and wrongfully induced to rely, to its detriment, upon Knoedler's misrepresentations and misleading statements and/or omissions regarding Spring Sowing, including but not limited to representations that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase Spring Sowing.

33. The Springfield Museums' reliance was known or should have been known to Knoedler, and Knoedler made the misrepresentations hereinbeforementioned knowing them to be false and fraudulent with the intention of deceiving and inducing the Springfield Museums to rely on such misrepresentations.

34. As a result of Knoedler's misrepresentations, omissions, and fraudulent concealments, the Springfield Museums learned that Knoedler was not the lawful owner of Spring Sowing until in or about 2001.

35. As a direct and proximate result of Knoedler's fraudulent misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Fraud and Deceit together with interest, costs, and such other and further relief as this court deems just and proper.

5

## COUNT IV – NEGLIGENT MISREPRESENTATIONS

36. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

37. Knoedler's Negligent Misrepresentation that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase Spring Sowing constitute Negligent Misrepresentation.

38. As a direct and proximate result of Knoedler's Negligent Misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Negligent Misrepresentation together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT V – INNOCENT MISREPRESENTATION

39. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

40. Knoedler's Innocent Misrepresentations that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase Spring Sowing constitute Innocent Misrepresentation.

41. As a direct and proximate result of Knoedler's Innocent Misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Innocent Misrepresentation together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT VI – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

42. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

43. The Agreement carries with it an implied covenant of good faith and fair dealing.

44. Knoedler's actions in breaching this Agreement, as set forth above, were undertaken in bad faith and constitute a violation of the Implied Covenant of Good Faith and Fair Dealing.

45. As a direct and proximate result, the Springfield Museums has suffered and continued to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Breach of the Covenant of Good Faith and Fair Dealing together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT VII – VIOLATION OF M.G.L. c. 93A §§ 2, 11

46. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

47. Knoedler has engaged in unfair and deceptive acts or practices proscribed by M.G.L. c. 93A §2, 11, and the Attorney General's Regulations promulgated thereunder. As a result, the Springfield Museums has sustained and continues to sustain damages.

48. Knoedler has employed the following unfair and deceptive acts or practices in trade or commerce against the Springfield Museums, each and every one of which standing alone and/or together, constitutes a violation of M.G.L. c. 93A and each and every one of which is alleged as a separate and distinct violation of M.G.L. c. 93A:

7

a. Knoedler breached the Agreement.

b. Knoedler made misrepresentations and misleading statements and/or omissions to the Springfield Museum's detriment that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce The Springfield Museums to purchase Spring Sowing;

c. Knoedler made misrepresentations and misleading statements and/or omissions to the Springfield Museum's detriment that it was passing good and clear title to Spring Sowing to the Springfield Museums;

d. Knoedler made misrepresentation and misleading statements and/or omissions to the Springfield Museum's detriment that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase Spring Sowing.

49. As a direct and proximate result of Knoedler's Violations of c. 93A §§ 2, 11, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Violations of c. 93A §§ 2, 11 as follows:

a. Monetary damages;

b. Treble Damages for Knoedler's willful and knowing violations of M.G.L. c. 93A;

c. Attorney's fees, interest and costs; and

d. such other and further relief as this Court deems just and proper.

8

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIALABLE HEREIN.

SPRINGFIELD LIBRARY AND MUSEUMS ASSOCIATION, INC.

MARK D MASON, ESQUIRE
Cooley, Shrair, P.C.
1380 Main Street, Fifth Floor
Springfield, MA 01103
Telephone: (413) 735-8040
Fax: (413) 733-3042
BBO# 544936

Dated: August 29, 2003

## Certificate of Service

I, Mark D. Mason, Attorney for the Plaintiff, do hereby certify that I have this date served or caused to be served upon Defendant a copy of Plaintiff's Amended Complaint by mailing the same, postage prepaid first class mail, as follows:

Andrius Kontrimas, Esquire
Jenkins & Gilchrist
1100 Louisiana
Suite 1800
Houston, TX 77002

Michael Hammer, Chairman
Knoedler Archivum, Inc.
19 East 70th Street
New York, NY 10021

Dated: August 29, 2003

MARK D MASON; ESQUIRE

215339560879

9

# Know all Men by these presents

that    M. Knoedler and Company, Inc,

in consideration of Five thousand dollars ($5,000.00)

paid by The City Library Association, a corporation located in Springfield, Massachusetts

the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer, and deliver unto the said City Library Association of Springfield

the following goods and chattels, namely:

Bassano, Jacopo da Ponte,Il 1510-1592
"Spring Sowing"
Oil on canvas
24 x 20 inches

COLLECTIONS:

The picture comes from Mrs. Paech, a Swiss lady in whose family the picture had remained for a very long time.

To have and to hold all and singular the said goods and chattels to the said City Library Association of Springfield

and its successors

administrators, and assigns to their own use and behoof forever.

And/the grantors hereby covenant with the grantee    that    is    the lawful owner    of the said

SEP-03-2003   13:35    Case 1:03-cv-30209-RCL   Document 1    Filed 09/08/2003   Page 22 of 29    05-951   P.22
FROM : 8-31 HOLDINGS INC.        PHONE NO. : 212 249 1845        Sep. 03 2003 09:31AM P13        Ø014

To have and to hold all and singular the said goods and chattels to the said City Library

# Know all Men by these presents

that M. Knoedler and Company, Inc.,

in consideration of Five thousand dollars ($5,000.00)
paid by The City Library Association,
Springfield, Massachusetts

the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer, and deliver unto the said
City Library Association of Springfield         a corporation located in

the following goods and chattels, namely:

Bassano, Jacopo da Ponte, It 1510-1592
"Spring Sowing"
Oil on canvas
24 x 20 inches

COLLECTIONS:

The picture comes from Mrs. Peech, a Swiss lady in whose family
the picture had remained for a very long time.

09/03/03  WED 09:11  [TX/RX NO 9257]

To have and to hold all and singular the said goods and chattels to the said City Library Association of Springfield and its successors

XXXXXXXXXXXXXXXXXX and assigns to their own use and behoof forever.

And the grantors the lawful owner of the said
goods and chattels; that they are free from all encumbrances,
that it have good right to sell the same as aforesaid; and that the lawful owner of the said

that it have good right to sell the same as aforesaid; and that the same against the lawful claims and demands of all persons, it will warrant and defend

In witness whereof it the said M. Knoedler and Company, Inc., has caused this instrument to be signed and sealed by its proper officer thereunto duly authorized hand and seal this day at

in the year one thousand nine hundred and fifty-five

Signed and sealed in presence of

HARRY I HORN
Notary Public in the State of New York
No. 03-1912300
Qualified in Bronx County
Cert. filed in New York County
Commission Expires March 30, 1957

09/03/03 WED 08:11 [TX/RX NO 9257]

C

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

**SUPERIOR COURT**
**DEPARTMENT OF THE TRIAL COURT**
**CIVIL ACTION**
NO. 03 784

SPRINGFIELD LIBRARY AND
MUSEUM ASSOCIATION, INC.
_____, PLAINTIFF(S)

V.

**SUMMONS**

KNOEDLER ARCHIVUM, INC. f/k/a
M. KNOEDLER & COMPANY, INC.
_____, DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon
MARK D MASON
_____, plaintiff's attorney, whose address is
1380 Main St., Springfield, MA 01103 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ____14th_____day of
__August_____ in the year of our Lord two thousand two. three.

_Marie D. Mazza_

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

**NOTICE TO DEFENDANT** -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2002 , I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____
_____
_____
_____
Dated:_____, 2002        _____

## N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.</u>

_____
(                                           )
(                          , 2002 )
(                                           )

D

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | COPY | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|---|

**PLAINTIFF(S)**
SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC.

**DEFENDANT(S)**
KNOEDLER ARCHIVUM, INC. F/K/A M. KNOEDLER & COMPANY, INC.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Mark Mason, Esq., Cooley Shrair, P.C.
1380 Main Street, Springfield, MA 01103
413-781-0750
Board of Bar Overseers number: 544936

**ATTORNEY (if known)**

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C 231,s 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A02 | Contract | ( F ) | ( x ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date.
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . .

Subtotal $. . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe) . . . . . . . . . . $. . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . .

$. . . . . . . . . . . .
**TOTAL** $. . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff brings the within action for damages stemming from Defendant's sale of a painting. Plaintiff alleges that Defendant's failure to ensure it was the lawful owner, convey good title, defend Plaintiff from a claim of ownership and ensure the painting's provenance has resulted in significant damages.

Approx. **TOTAL $3,000,000.00.**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 8/6/03

AOTC-6 mtc005-11/99
A.O.S.C 1-2000