MAS-20030312
liebeldo

**Commonwealth of Massachusetts**
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

09/10/2003
11:10 AM

# HDCV2003-00784
## Springfield Library and Museum Association Inc v Knoedler Archivum inc f/k/a

| | | | | | |
|---|---|---|---|---|---|
| File Date | 08/06/2003 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 09/09/2003 | Session | A - Civil A - CtRm 6 | | |
| Origin | 1 | Case Type | A02 - Goods sold/delivered under contract | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 11/04/2003 | Answer | 01/03/2004 | Rule12/19/20 | 01/03/2004 |
| Rule 15 | 01/03/2004 | Discovery | 06/01/2004 | Rule 56 | 07/01/2004 |
| Final PTC | 07/31/2004 | Disposition | 09/29/2004 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Springfield Library and Museum Association Inc
Active 08/06/2003

**Private Counsel 544936**
Mark D Mason
Cooley Shrair PC
1380 Main Street
Fifth Floor
Springfield, MA 01103
Phone: 413-735-8040
Fax: 413-733-3042
Active 08/06/2003 Notify

**Defendant**
Knoedler Archivum inc f/k/a
Service pending 08/06/2003

**Private Counsel 556967**
Kenneth W Salinger
Palmer & Dodge
111 Huntington Avenue
The Prudential Center
Boston, MA 02199-7613
Phone: 617-239-0100
Fax: 617-227-4420
Active 09/09/2003 Notify

**Private Counsel 652491**
Amy J. Berks
Palmer & Dodge
111 Huntington Avenue
The Prudential Center 29th floor
Boston, MA 02199-7613
Phone: 617-239-0100
Fax: 617-227-4420
Active 09/09/2003 Notify

**Alias defendant name**
M Knoedler & Company Inc
Active 08/06/2003

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/06/2003 | 1.0 | Complaint & civil action cover sheet filed |

MAS-20030312
liebeldo

**Commonwealth of Massachusetts**
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

09/10/2003
11:10 AM

## HDCV2003-00784

### Springfield Library and Museum Association Inc v Knoedler Archivum inc f/k/a

| Date | Paper | Text |
|------|-------|------|
| 08/06/2003 | | Origin 1, Type A02, Track F. |
| 08/29/2003 | 2.0 | Amended complaint |
| 09/09/2003 | 3.0 | Case REMOVED this date to US District Court of Massachusetts |

EVENTS



A TRUE COPY
OF THE DOCKET MINUTES:
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
day of

_Donna M. Michel_

Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 03 784

|  |  |
|---|---|
| SPRINGFIELD LIBRARY AND<br>MUSEUM ASSOCIATION, INC.,<br>Plaintiff<br><br>v.<br><br>KNOEDLER ARCHIVUM, INC. f/k/a<br>M. KNOEDLER & COMPANY, INC.,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
AUG 29 2003

*[signature]*
CLERK-MAGISTRATE

## I. PRELIMINARY STATEMENT

1. Plaintiff, Springfield Library and Museum Association, Inc. f/k/a The Springfield Museums
   (the "Springfield Museums") brings this action against Defendant, Knoedler Archivum, Inc.
   f/k/a M. Knoedler & Company, Inc. ("Knoedler") for Breach of Contract (Count I), Breach
   of Implied Warranty (Count II), Fraud and Deceit (Count III), Negligent Misrepresentation
   (Count IV), Innocent Misrepresentation (Count V), Breach of the Implied Covenant of Good
   Faith and Fair Dealing (Count VI) and Violations of M.G.L. c. 93A §§ 2, 11 (Count VII)
   stemming from Knoedler's sale to the Springfield Museums of a painting entitled <u>Spring
   Sowing</u> by the Italian artist Jacopo da Ponte known as Il Bassano ("Spring Sowing").

## II. PARTIES AND JURISDICTION

2. The Springfield Museums is a charitable corporation organized under the laws of
   Massachusetts with a principal place of business at 220 State Street, Springfield, County of
   Hampden, Commonwealth of Massachusetts. The Springfield Museums is the successor in



interest to the Springfield Museums and acquired all its right, title and interest in and to the within action.

3.  Defendant, Knoedler, is a Delaware corporation with a principal place of business at 19 East 70th Street, New York, State of New York.  Knoedler Archivum, Inc. is the successor in interest to Knoedler.

4.  Jurisdiction is conferred upon this court by M.G.L. c. 212 § 4, M.G.L. 93A §§ 2, 11.

### III. FACTS

5.  In or about 1955, Knoedler and the Springfield Museums entered into an agreement (the "Agreement") for the sale of Spring Sowing in consideration for payment of Five Thousand Dollars ($5,000.00).

6.  The terms and conditions of the Agreement are memorialized in a Bill of Sale of Personal Property dated April 25, 1955.  A copy of the Bill of Sale of Personal Property ("Bill of Sale") is attached hereto as Exhibit "A."

7.  The Bill of Sale sets forth that Knoedler "hereby covenant[s] with the grantee that it [is] the lawful owner of the said goods and chattels; that they are free from all encumbrances that it have [sic] good right to sell same as aforesaid; and that it will warrant and defend the same against lawful claims and demands of all persons."

8.  The Bill of Sale is signed under seal.

9.  Prior to sale of Spring Sowing, Knoedler represented to the Springfield Museums that it maintained an expertise in the sale of Italian Renaissance paintings such as Spring Sowing.

10. Prior to the sale of Spring Sowing, Knoedler represented to the Springfield Museums that it had examined Spring Sowing's provenance and that Knoedler maintained clear title to sell Spring Sowing to the Springfield Museums.

11. Knoedler's representations to the Springfield Museums were false whereas Knoedler was not the lawful owner of Spring Sowing and, hence, Knoedler did not maintain good title to sell Spring Sowing to the Springfield Museums.

12. It was not until on or about October 20, 2000, that the Springfield Museums had a reasonable basis to believe Knoedler's representations to the Springfield Museums were false.

13. On or about October 20, 2000, the Italian Government transmitted correspondence to the Springfield Museums setting forth facts asserting that Spring Sowing had been stolen from the Italian Embassy in Warsaw during World War II.

14. On June 22, 2001, the Springfield Museums returned Spring Sowing to the Italian government.

15. Prior to June 22, 2001, the Springfield Museums had suffered no damage as a result of Knoedler's actions.

16. On or about December 14, 2001, the Springfield Museums demanded Knoedler compensate the Springfield Museums for the value of Spring Sowing.

17. Knoedler has refused and continues to refuse the Springfield Museums' demand for compensation.

## COUNT I – BREACH OF CONTRACT

18. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

19. The Agreement was an unambiguous, integrated, and binding contract.

20. The Springfield Museums fully performed its obligations owed Knoedler pursuant to the Agreement.

21. Knoedler has breached the terms and conditions of the Agreement whereas it failed to ensure Spring Sowing's provenance prior to sale to the Springfield Museums.

22. Knoedler breached the Agreement by failing to ensure it was the lawful owner of <u>Spring Sowing.</u>

23. Knoedler breached the Agreement by failing to convey good and clear title of <u>Spring Sowing</u> to the Springfield Museums.

24. Knoedler breached the Agreement by failing to warrant and defend the Springfield Museums against the Italian Government's claim of ownership.

25. As a direct and proximate result of Knoedler's Breach of Contract, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Breach of Contract together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT II – BREACH OF IMPLIED WARRANTY

26. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

27. There existed an implied warranty between Knoedler and the Springfield Museums that Knoedler was the lawful owner of <u>Spring Sowing</u> and Knoedler was conveying good and clear title of <u>Spring Sowing</u> to the Springfield Museums.

28. Knoedler breached its implied warranty as aforesaid.

29. As a result of Knoedler's Breach of Implied Warranty, the Springfield Museums has suffered and continues to suffer damages.

30. WHEREFORE, the Springfield Museums demands judgment for Breach of Implied Warranty together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT III – FRAUD AND DECEIT

31. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

32. The Springfield Museums was deceived and wrongfully induced to rely, to its detriment, upon Knoedler's misrepresentations and misleading statements and/or omissions regarding Spring Sowing, including but not limited to representations that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase Spring Sowing.

33. The Springfield Museums' reliance was known or should have been known to Knoedler, and Knoedler made the misrepresentations hereinbeforementioned knowing them to be false and fraudulent with the intention of deceiving and inducing the Springfield Museums to rely on such misrepresentations.

34. As a result of Knoedler's misrepresentations, omissions, and fraudulent concealments, the Springfield Museums learned that Knoedler was not the lawful owner of Spring Sowing until in or about 2001.

35. As a direct and proximate result of Knoedler's fraudulent misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Fraud and Deceit together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT IV – NEGLIGENT MISREPRESENTATIONS

36. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

37. Knoedler's Negligent Misrepresentation that Knoedler was the lawful owner of <u>Spring Sowing</u>, that it was passing good and clear title to <u>Spring Sowing</u> to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase <u>Spring Sowing</u> constitute Negligent Misrepresentation.

38. As a direct and proximate result of Knoedler's Negligent Misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

   WHEREFORE, the Springfield Museums demands judgment for Negligent Misrepresentation together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT V – INNOCENT MISREPRESENTATION

39. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

40. Knoedler's Innocent Mispresentations that Knoedler was the lawful owner of <u>Spring Sowing</u>, that it was passing good and clear title to <u>Spring Sowing</u> to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase <u>Spring Sowing</u> constitute Innocent Misrepresentation.

41. As a direct and proximate result of Knoedler's Innocent Misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Innocent Misrepresentation together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT VI – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

42. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

43. The Agreement carries with it an implied covenant of good faith and fair dealing.

44. Knoedler's actions in breaching this Agreement, as set forth above, were undertaken in bad faith and constitute a violation of the Implied Covenant of Good Faith and Fair Dealing.

45. As a direct and proximate result, the Springfield Museums has suffered and continued to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Breach of the Covenant of Good Faith and Fair Dealing together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT VII– VIOLATION OF M.G.L. c. 93A §§ 2, 11

46. The Springfield Museums reaffirms and realleges 1-17 above as if set forth fully herein.

47. Knoedler has engaged in unfair and deceptive acts or practices proscribed by M.G.L. c. 93A §2, 11, and the Attorney General's Regulations promulgated thereunder. As a result, the Springfield Museums has sustained and continues to sustain damages.

48. Knoedler has employed the following unfair and deceptive acts or practices in trade or commerce against the Springfield Museums, each and every one of which standing alone and/or together, constitutes a violation of M.G.L. c. 93A and each and every one of which is alleged as a separate and distinct violation of M.G.L. c. 93A:

a. Knoedler breached the Agreement.

b. Knoedler made misrepresentations and misleading statements and/or omissions to the Springfield Museum's detriment that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce The Springfield Museums to purchase Spring Sowing;

c. Knoedler made misrepresentations and misleading statements and/or omissions to the Springfield Museum's detriment that it was passing good and clear title to Spring Sowing to the Springfield Museums;

d. Knoedler made misrepresentation and misleading statements and/or omissions to the Springfield Museum's detriment that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase Spring Sowing.

49. As a direct and proximate result of Knoedler's Violations of c. 93A §§ 2, 11, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Violations of c. 93A §§ 2, 11 as follows:

a.     Monetary damages;

b.     Treble Damages for Knoedler's willful and knowing violations of M.G.L. c. 93A;

c.     Attorney's fees, interest and costs; and

d.     such other and further relief as this Court deems just and proper.

8

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIALABLE HEREIN.

SPRINGFIELD LIBRARY AND MUSEUMS ASSOCIATION, INC.

MARK D MASON, ESQUIRE
Cooley, Shrair, P.C.
1380 Main Street, Fifth Floor
Springfield, MA 01103
Telephone: (413) 735-8040
Fax: (413) 733-3042
BBO# 544936

Dated:  August 29, 2003

### Certificate of Service

I, Mark D. Mason, Attorney for the Plaintiff, do hereby certify that I have this date served or caused to be served upon Defendant a copy of Plaintiff's Amended Complaint by mailing the same, postage prepaid first class mail, as follows:

Andrius Kontrimas, Esquire
Jenkins & Gilchrist
1100 Louisiana
Suite 1800
Houston, TX 77002

Michael Hammer, Chairman
Knoedler Archivum, Inc.
19 East 70th Street
New York, NY 10021

MARK D MASON, ESQUIRE

Dated:  August 29, 2003

21553\9\50879

A true copy.
Attest:

Donna M. Luhil

DEPUTY Assistant Clerk

9

# Know all Men by these presents

that   M. Knoedler and Company, Inc.

in consideration of  Five thousand dollars ($5,000.00)

paid by The City Library Association, a corporation located in
         Springfield, Massachusetts

the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer, and deliver unto the said
City Library Association of Springfield          the following goods and chattels, namely:

Bassano, Jacopo da Ponte,Il   1510-1592
"Spring Sowing"
Oil on canvas
24 x 20 inches

COLLECTIONS:

The picture comes from Mrs. Paech, a Swiss lady in whose family
the picture had remained for a very long time.

To have and to hold all and singular the said goods and chattels to the said City Library
Association of Springfield                              and its successors
XXXXXXXXXXXXXXXXXX and assigns to their own use and behoof forever.

And/the grantors hereby covenant with the grantee    that      it      the lawful owner      of the said
goods and chattels; that they are free from all encumbrances,

that     it       have good right to sell the same as aforesaid; and that     it     will warrant and defend
the same against the lawful claims and demands of all persons,

In witness whereof  it      the said   M. Knoedler and Company, Inc., has
caused this instrument to be signed and sealed by its proper officer
thereunto duly authorized

hereunto set            hand    and seal    this                                          day of

                  in the year one thousand nine hundred and   fifty-five

Signed and sealed in presence of

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.    03    784

|  |  |
|---|---|
| SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC., Plaintiff ) ) ) ) ) v. ) ) KNOEDLER ARCHIVUM, INC. f/k/a ) M. KNOEDLER & COMPANY, INC., ) Defendant ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
AUG - 6 2003

CLERK-MAGISTRATE

## I. PRELIMINARY STATEMENT

1.  Plaintiff, Springfield Library and Museum Association, Inc. f/k/a The Springfield Museums
    (the "Springfield Museums") brings this action against Defendant, Knoedler Archivum, Inc.
    f/k/a M. Knoedler & Company, Inc. ("Knoedler") for Breach of Contract (Count I), Breach
    of Implied Warranty (Count II), Fraud and Deceit (Count III), Negligent Misrepresentation
    (Count IV), Innocent Misrepresentation (Count V), Breach of the Implied Covenant of Good
    Faith and Fair Dealing (Count VI) and Violations of M.G.L. c. 93A §§ 2, 11 (Count VII)
    stemming from Knoedler's sale to the Springfield Museums of a painting entitled <u>Spring
    Sowing</u> by the Italian artist Jacopo da Ponte known as Il Bassano ("Spring Sowing").

## II. PARTIES AND JURISDICTION

2.  The Springfield Museums is a charitable corporation organized under the laws of
    Massachusetts with a principal place of business at 220 State Street, Springfield, County of
    Hampden, Commonwealth of Massachusetts. The Springfield Museums is the successor in



1

interest to the Springfield Museums and acquired all its right, title and interest in and to the within action.

3. Defendant, Knoedler, is a Delaware corporation with a principal place of business at 19 East 70th Street, New York, State of New York.  Knoedler Archivum, Inc. is the successor in interest to Knoedler.

4. Jurisdiction is conferred upon this court by M.G.L. c. 212 § 4, M.G.L. 93A §§ 2, 11.

## III.  FACTS

5. In or about 1955, Knoedler and the Springfield Museums entered into an agreement (the "Agreement") for the sale of Spring Sowing in consideration for payment of Five Thousand Dollars ($5,000.00).

6. The terms and conditions of the Agreement are memorialized in a Bill of Sale of Personal Property dated April 25, 1955.  A copy of the Bill of Sale of Personal Property ("Bill of Sale") is attached hereto as Exhibit "A."

7. The Bill of Sale sets forth that Knoedler "hereby covenant[s] with the grantee that it [is] the lawful owner of the said goods and chattels; that they are free from all encumbrances that it have [sic] good right to sell same as aforesaid; and that it will warrant and defend the same against lawful claims and demands of all persons."

8. The Bill of Sale is signed under seal.

9. Prior to sale of Spring Sowing, Knoedler represented to the Springfield Museums that it maintained an expertise in the sale of Italian Renaissance paintings such as Spring Sowing.

10. Prior to the sale of Spring Sowing, Knoedler represented to the Springfield Museums that it had examined Spring Sowing's provenance and that Knoedler maintained clear title to sell Spring Sowing to The Springfield Museums.

11. Knoedler's representations to the Springfield Museums were false whereas Knoedler was not the lawful owner of Spring Sowing and, hence, Knoedler did not maintain good title to sell Spring Sowing to the Springfield Museums.

12. On or about October 20, 2000, the Italian Government transmitted correspondence to the Springfield Museums setting forth facts asserting that Spring Sowing had been stolen from the Italian Embassy in Warsaw during World War II.

13. On June 22, 2001, the Springfield Museums returned Spring Sowing to the Italian government.

14. On or about December 14, 2001, the Springfield Museums demanded Knoedler compensate the Springfield Museums for the value of Spring Sowing.

15. Knoedler has refused and continues to refuse the Springfield Museums' demand for compensation.

## COUNT I – BREACH OF CONTRACT

16. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

17. The Agreement was an unambiguous, integrated, and binding contract.

18. The Springfield Museums fully performed its obligations owed Knoedler pursuant to the Agreement.

19. Knoedler has breached the terms and conditions of the Agreement whereas it failed to ensure Spring Sowing's provenance prior to sale to the Springfield Museums.

20. Knoedler breached the Agreement by failing to ensure it was the lawful owner of Spring Sowing.

21. Knoedler breached the Agreement by failing to convey good and clear title of Spring Sowing to the Springfield Museums.

22. Knoedler breached the Agreement by failing to warrant and defend the Springfield Museums against the Italian Government's claim of ownership.

23. As a direct and proximate result of Knoedler's Breach of Contract, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Breach of Contract together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT II – BREACH OF IMPLIED WARRANTY

24. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

25. There existed an implied warranty between Knoedler and the Springfield Museums that Knoedler was the lawful owner of Spring Sowing and Knoedler was conveying good and clear title of Spring Sowing to the Springfield Museums.

26. Knoedler breached its implied warranty as aforesaid.

27. As a result of Knoedler's Breach of Implied Warranty, the Springfield Museums has suffered and continues to suffer damages.

28. WHEREFORE, the Springfield Museums demands judgment for Breach of Implied Warranty together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT III – FRAUD AND DECEIT

29. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

30. The Springfield Museums was deceived and wrongfully induced to rely, to its detriment, upon Knoedler's misrepresentations and misleading statements and/or omissions regarding Spring Sowing, including but not limited to representations that Knoedler was the lawful

owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase

Spring Sowing.

31. The Springfield Museums' reliance was known or should have been known to Knoedler, and Knoedler made the misrepresentations hereinbeforementioned knowing them to be false and fraudulent with the intention of deceiving and inducing the Springfield Museums to rely on such misrepresentations.

32. As a result of Knoedler's misrepresentations, omissions, and fraudulent concealments, the Springfield Museums learned that Knoedler was not the lawful owner of Spring Sowing until in or about 2001.

33. As a direct and proximate result of Knoedler's fraudulent misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Fraud and Deceit together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT IV – NEGLIGENT MISREPRESENTATIONS

34. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

35. Knoedler's Negligent Misrepresentation that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase Spring Sowing constitute Negligent Misrepresentation.

36. As a direct and proximate result of Knoedler's Negligent Misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Negligent Misrepresentation together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT V – INNOCENT MISREPRESENTATION

37. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

38. Knoedler's Innocent Mispresentations that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase Spring Sowing constitute Innocent Misrepresentation.

39. As a direct and proximate result of Knoedler's Innocent Misrepresentations and omissions, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Innocent Misrepresentation together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT VI – BREACH OF THE COVENANT OF
## GOOD FAITH AND FAIR DEALING

40. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

41. The Agreement carries with it an implied covenant of good faith and fair dealing.

42. Knoedler's actions in breaching this Agreement, as set forth above, were undertaken in bad faith and constitute a violation of the Implied Covenant of Good Faith and Fair Dealing.

43. As a direct and proximate result, the Springfield Museums has suffered and continued to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Breach of the Covenant of Good Faith and Fair Dealing together with interest, costs, and such other and further relief as this court deems just and proper.

## COUNT VII– VIOLATION OF M.G.L. c. 93A §§ 2, 11

44. The Springfield Museums reaffirms and realleges 1-15 above as if set forth fully herein.

45. Knoedler has engaged in unfair and deceptive acts or practices proscribed by M.G.L. c. 93A §2, 11, and the Attorney General's Regulations promulgated thereunder.  As a result, the Springfield Museums has sustained and continues to sustain damages.

46. Knoedler has employed the following unfair and deceptive acts or practices in trade or commerce against the Springfield Museums, each and every one of which standing alone and/or together, constitutes a violation of M.G.L. c. 93A and each and every one of which is alleged as a separate and distinct violation of M.G.L. c. 93A:

a.  Knoedler breached the Agreement.

b.  Knoedler made misrepresentations and misleading statements and/or omissions to the Springfield Museum's detriment that Knoedler was the lawful owner of Spring Sowing, that it was passing good and clear title to Spring Sowing to the Springfield Museums, and that it would warrant and defend the Springfield Museums against claims in order to induce The Springfield Museums to purchase Spring Sowing;

c. Knoedler made misrepresentations and misleading statements and/or omissions to the Springfield Museum's detriment that it was passing good and clear title to <u>Spring Sowing</u> to the Springfield Museums;

d. Knoedler made misrepresentation and misleading statements and/or omissions to the Springfield Museum's detriment that it would warrant and defend the Springfield Museums against claims in order to induce the Springfield Museums to purchase <u>Spring Sowing.</u>

47. As a direct and proximate result of Knoedler's Violations of c. 93A §§ 2, 11, the Springfield Museums has suffered and continues to suffer damages.

WHEREFORE, the Springfield Museums demands judgment for Violations of c. 93A §§ 2, 11 as follows:

a.     Monetary damages;

b.     Treble Damages for Knoedler's willful and knowing violations of M.G.L. c. 93A;

c.     Attorney's fees, interest and costs; and

d.     such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIALABLE HEREIN.**

SPRINGFIELD LIBRARY AND MUSEUMS ASSOCIATION

MARK D MASON, ESQUIRE
Cooley, Shrair, P.C.
1380 Main Street, Fifth Floor
Springfield, MA 01103
Telephone: (413) 735-8040
Fax: (413) 733-3042
BBO# 544936

Dated: August 6, 2003

21553\9\48112

A true copy,

Attest

Anna M. Fuchs

DEPUTY Assistant Clerk

# Know all Men by these presents

that   M. Knoedler and Company, Inc.

in consideration of **Five thousand dollars (#5,000.00)**

paid by **The City Library Association, a corporation located in Springfield, Massachusetts**

the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer, and deliver unto the sa

**City Library Association of Springfield**          the following goods and chattels, namel;

Bassano, Jacopo da Ponte,Il  1510-1592
"Spring Sowing"
Oil on canvas
24 x 20 inches


COLLECTIONS:

The picture comes from Mrs. Paech, a Swiss lady in whose family
the picture had remained for a very long time.


To have and to hold all and singular the said goods and chattels to the said City Library
Association of Springfield                          and its successors

XXXXXXXXXXXXXXXXXXX, and assigns to their own use and behoof forever.

And the grantors hereby covenant with the grantee    that        it       the lawful owner    of the sa
goods and chattels; that they are free from all encumbrances,


that   it        have good right to sell the same as aforesaid; and that       it    will warrant and defe
the same against the lawful claims and demands of all persons,


In witness whereof  it     the said  M. Knoedler and Company, Inc., has
caused this instrument to be signed and sealed by its proper officer
thereunto duly authorized

hereunto set          hand   and seal   this                                day
in the year one thousand nine hundred and  fifty-five

Signed and sealed in presence of

| CIVIL ACTION COVER SHEET | DOCKET No(s) 03    784 | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|

| PLAINTIFF(S) SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC. | DEFENDANT(S) KNOEDLER ARCHIVUM, INC. F/K/A M. KNOEDLER & COMPANY, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Mark Mason, Esq., Cooley Shrair, P.C. 1380 Main Street, Springfield, MA 01103 413-781-0750 Board of Bar Overseers number: 544936 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A02 | Contract | ( F ) | ( x ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
                                                                                   Subtotal $ . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
F. Other documented items of damages (describe)
                                                                              $ . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A true copy

Attest:

Anna M. Biebel

DEPUTY Assistant Clerk

                                                                              $ . . . . . . . . . . .
                                                                       TOTAL $ . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff brings the within action for damages stemming from Defendant's sale of a painting. Plaintiff alleges that Defendant's failure to ensure it was the lawful owner, convey good title, defend Plaintff from a claim of ownership and ensure the painting's provenance has resulted in signigficant damages.   Approx. **TOTAL $3,000,000.00.**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
    None

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record                                    DATE: 8/6/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### CONTRACT

| Code | Description | Track |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

### TORT

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other(Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

### REAL PROPERTY

| Code | Description | Track |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

### EQUITABLE REMEDIES

| Code | Description | Track |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT,  BUFF COLOR PAPER.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

A true copy,

Attest:

Donna M. Ruhl

DEPUTY  Assistant Clerk