UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SPRINGFIELD LIBRARY AND MUSEUM
ASSOCIATION, INC.,
                    Plaintiff,

        v.

KNOEDLER ARCHIVUM, INC. f/k/a
M. KNOEDLER & COMPANY, INC.,
                    Defendant.

Civil Action
No. 03-CV-30219-MAP

## ANSWER

### First Defense

Knoedler Archivum, Inc. f/k/a M. Knoedler & Company, Inc. ("Knoedler") answers the correspondingly numbered paragraphs of Springfield Library and Museum Association, Inc.'s ("Plaintiff") Amended Complaint as follows:

1.    The "Preliminary Statement" contained in paragraph 1 of the Amended Complaint contains no averment of fact and thus does not require a response.

2.    Knoedler admits to the allegations regarding Plaintiff's corporate status and principal place of business address. Knoedler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

3.    Admitted.

4.    Based on removal to this Court, denied.

5.    Knoedler admits that in 1955, Knoedler sold the painting entitled "Spring Sowing" (the "Painting") to the City Library Association of Springfield for Five Thousand Dollars ($5,000.00), and denies any remaining allegations.

6.    Admitted.

7.    Admitted.

8.    Knoedler admits the Bill of Sale states "signed and sealed" and denies any further allegations.

9.    Knoedler is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.    Knoedler is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.    Denied.

12.    This paragraph calls for a conclusion of law and does not require a response. To the extent a response is required, denied.

13.    Knoedler admits that on or about October 20, 2000, the Italian Government sent a letter to Plaintiff claiming that the painting in question was stolen from the Italian Embassy in Warsaw during World War II. (Attached hereto as Exhibit A). Further answering, Knoedler states that: (a) the Italian Government sent a letter to Plaintiff on or about January 11, 1966, claiming that the Bassano painting belonged to it but was lost during World War II, stating that Italy was prepared to bring an action to repossess the painting, and asking the Plaintiff to return it to Italy voluntarily; (b) subsequent correspondence to and from the Plaintiff in early 1966 confirms that the Plaintiff was well aware that the Italian Government was claiming title to this painting; and (c) this chain of correspondence was produced to Knoedler by the Plaintiff, and its authenticity is therefore undisputed. (Attached hereto as Exhibits B to I).

14.    Knoedler is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2

15.    Admitted.  Further answering, to the extent that this paragraph is intended to imply that the Plaintiff suffered damaged as a result of Knoedler's actions at some time after June 22, 2001, that further allegation is denied.

16.    Admitted.

17.    Knoedler denies that Plaintiff has any legitimate claim against Knoedler for "compensation," and on that basis, Knoedler admits that it has refused Plaintiff's demand for payment as set forth in paragraph 17 of the Amended Complaint.

## COUNT I – BREACH OF CONTRACT

18.    Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-17 of the Amended Complaint.

19.    This paragraph calls for a conclusion of law and does not require a response.

20.    Knoedler is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

## COUNT II – BREACH OF IMPLIED WARRANTY

26.    Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-17 of the Amended Complaint.

27.    This paragraph calls for a conclusion of law and does not require a response.

28.    Denied.

3

29.     Denied.

30.     Paragraph 30 does not require a response.

COUNT III – FRAUD AND DECEIT

31.     Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-17 of the Amended Complaint.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

COUNT IV – NEGLIGENT MISREPRESENTATIONS

36.     Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-17 of the Amended Complaint.

37.     Denied.

38.     Denied.

COUNT V – INNOCENT MISREPRESENTATION

39.     Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-17 of the Amended Complaint.

40.     Denied.

41.     Denied.

COUNT VI – BREACH OF THE COVENANT OF<br>GOOD FAITH AND FAIR DEALING

42.     Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-17 of the Amended Complaint.

4

43.    This paragraph calls for a conclusion of law and, therefore, does not require a response.

44.    Denied.

45.    Denied.

<u>COUNT VII – VIOLATION OF M.G.L. c. 93A §§ 2, 11</u>

46.    Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-17 of the Amended Complaint.

47.    Denied.

48.    Denied.

49.    Denied.

## **Second Defense**

Plaintiff's claims are each barred by the applicable statute of limitations.

## **Third Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## **Fourth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## **Fifth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## **Sixth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## **Seventh Defense**

Plaintiff's damages, if any, were proximately caused by the acts of third parties, over whom Knoedler had no control.

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

## Ninth Defense

The damages sustained by Plaintiff, if any, were proximately caused, in whole or in part, by Plaintiff's own acts and omissions.

## Tenth Defense

A seal is inoperable on a contract for the sale of goods and the law with respect to sealed instruments does not apply to the Bill of Sale. M.G.L. c. 106 § 2-203 (2003).

## Eleventh Defense

M.G.L. c. 93A does not apply to the conduct of which the Plaintiff complains.

KNOEDLER ARCHIVUM, INC.

By its attorneys,

Kenneth W. Salinger (BBO #556967)
Amy J. Berks (BBO #652491)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
ksalinger@palmerdodge.com
aberks@palmerdodge.com

*Of Counsel:*
Andrius R. Kontrimas
Texas State Bar No. 11672300
Kerry M. McMahon
Texas State Bar No. 00797053
JENKENS & GILCHRIST, P.C.
1401 McKinney, Suite 2700
Houston, TX 77010

September 15, 2003

6

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon
the attorney of record for each other party by certified mail, return receipt
requested on September 15, 2003.

A



IL CONSOLE GENERALE D'ITALIA

BOSTON

October 20, 2000  ·  *4797*

Mr. Joe Carvalho, President
Springfield Museum and Library Association
220 State Street
Springfield, MA   01103

Dear Mr. Carvalho,

Thank you for taking the time to meet with me and Mr. Ragusa recently regarding the painting, "Parabola del Seminatore", discovered in the Museum of Fine Arts, Springfield.

We both would like to thank you for your kind cooperation with our effort to return this painting to Italy.  I include with this letter a photograph of the painting along with its detailed history.  You may wish to share this with the Museum's Board of Directors if they have any questions regarding your collaboration with us and the painting being removed from The Museum of Fine Arts in Springfield.

I extend my sincere thanks to you once again, and appreciate your assistance with this sensitive matter.

Very truly yours

Piero DE MASI
Consul General of Italy

The painting was stolen from the offices of the Italian Embassy in Warsaw, Poland, during World War II. In particular, relative to the painting and to its disappearance, the following information has been ascertained:

- the painting was in possession of the Uffizi Gallery in Florence and logged as number 1359 in the Inventory of 1890;

- the painting, together with 24 others, was loaned by the Uffizi Gallery in Florence to the Ministry of Foreign Affairs in Rome in December, 1922, to adorn the diplomatic offices abroad;

- On March 8, 1935, the painting was recorded in the register of the Uffizi Gallery as "delivered" and displayed internally at the Italian Embassy in Warsaw, having been shipped by the "Universal Express Company" (today Universal Express, whose owners are still alive);

- There is evidence of the painting inside the Embassy in Warsaw until April 24, 1938, as seen in a photocopy from the Polish magazine "AS" number 17. In fact, an article about the Embassy appears on page 14, with reproduced photographs of the painting exhibited there and from which the presence of the painting is evidenced. Also the text makes specific reference to the inclusion of the famous painting among the works in the collection of the Embassy in Warsaw;

- Traces of the painting are lost from 1939 to 1945, a result of the World War and the raids by Nazi troops;

- In 1945, official relations between Italy and Poland began again. After an inspection of what remained in the Embassy, nothing which decorated it could be found, it having been severely damaged and occupied by numerous refugees;

- The painting subsequently reappeared in America and Canada where it was exhibited in Winnipeg (Great Masters of the Italian Renaissance, October – November 1953, n. 35), in Vancouver (The Italian Renaissance, November – December 1953, n. 77), in Pittsburgh (Pictures of Everyday Life – Genre Painting, October – December 1954, n. 3), and in Cleveland (Venetian Tradition 1956, page 19);

- In the early 1960's, the painting was noted in the catalog of the Museum of Fine Arts in Springfield, Massachusetts, where it had been since 1956 (Bulletin of the Springfield Museum of Fine Arts, Volume 22, February – March, 1956);

- There is also evidence of the presence of the painting at the Museum of Fine Arts, Springfield, from the testimony of Professor Edoardo Arslam found in Volume I "I Bassano" published by Meschina, Milan, page 269, indicating the various American exhibits at which the painting appeared until its definitive placement with the Museum of Fine Arts in Springfield;

- Professor Arslam, in that Volume, speaking of the painting in question, explained, "the painting an only be n. 1359 of the Uffizi Gallery sent to the Italian Embassy in Warsaw which disappeared during World War II, universally attributed to Jacopo.";

- During the course of the thirty years subsequent to the disappearance of the painting, there were numerous letters exchanged between the national authorities among whom were the late Professor Soviero's Commission and the Springfield museum;

- This Commission, that proceeded with the inventory of the works stolen by the Nazi troops during World War II, had recorded the painting of Jacopo Bassano in the catalog "The Missing Painting" on page 63, publication 85, and entitled "Parable of the Sower";

- From reading the correspondence exchanged between the Commission and the Museum, there is evidence that the directors of the Museum questioned the attribution of the painting as well as the dimensions that seemed to be different;

- This last fact is a result of the of abbreviated units of measure in the original texts of the antique Inventories (s = soldi, b = braccio toscano, etc.), as well as of the interpretations given to those abbreviations by the personnel of the Superintendence in Florence;

- With regard to the attribution of Leandro Bassano (son of Jacopo Bassano), it appeared that it was the Siviero Commission who erroneously mentioned that circumstance in their correspondence, while the Museum replied that they had acquired the painting through the work of Jacopo Bassano;

- In its communication, the Museum indicates its willingness to further collaborate with Knoedler & Company, antique dealer of New York, who sold the painting to the Museum in 1956, declaring that it came from a Swiss collection of PAECH;

- In addition to the antique Inventories of the Uffizi and the research published by Professor Edoardo Arslam, a study was done at the archive of the late Federico Zeri to verify the attribution of the painting;

- On the basis of available information, it appeared that the volume containing the photographs of the work referred to the Italian art of the XVI century, in the section dedicated to "I Bassano", a black and white photograph of the painting in question was discovered, on the back of which Professor Zeri wrote in pencil the following reference: "Emb. Warsaw – Inv. 1890, n. 1359 – J. Bassano Family of Peasants".

B

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW

PAUL S. DOHERTY
PHILIP J. CALLAN, JR
GARY P. SHANNON
ROBERT L. LEONARD
A. CRAIG BROWN
L. JEFFREY MEEHAN
JOHN J. McCARTHY
DAVID J. MARTEL‡
WILLIAM P. HADLEY
BARRY M. RYAN
DEBORAH A. BASILE†
PAUL M. MALECK
CLAIRE L. THOMPSON∗
W. GARTH JANES∗∗
GREGORY A. SCHMIDT
MICHAEL K. CALLAN∗
MICHAEL D. SWEET∗‡
JAMES J. BREGIANES∗
GRACE M. CALAMITA
BERNADETTE HARRIGAN‡
KEVIN H. VANDERLEEDEN

ONE MONARCH PLACE SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900

TELEPHONE (413) 733-3111

TELECOPIER (413) 734-3910

WWW.DWPM.COM
E MAIL: DBASILE@DWPM.COM

ROBERT E. MURPHY
SAMUEL A. MARSELLA
MATTHEW J. RYAN, JR.
OF COUNSEL

DUDLEY B. WALLACE
(1900-1987)
LOUIS W. DOHERTY
(1898-1990)
FREDERICK S. PILLSBURY
(1919-1996)

† REGISTERED PATENT ATTORNEY
∗ ALSO ADMITTED IN CONNECTICUT
‡ ALSO ADMITTED IN NEW YORK
∗∗ ALSO ADMITTED IN DISTRICT OF COLUMBIA

January 17, 2002

Mr. Andrius R. Kontrimus
Jenkens & Gilchrist
1100 Louisana
Suite 1800
Houston, TX 77002

Re:     Springfield Library & Museums Association

Dear Mr. Kontrimus:

As we recently discussed, I enclose herewith the documentary record of Springfield Library & Museums Association relative to the purchase by the Springfield Library & Museums Association of the painting by Jacopo da Ponte Il Bassano entitled "Spring Sowing" from M. Knoedler & Co., Inc. on April 25, 1955. I have organized the file chronologically. As set out in detail in my letter to you of December 14, 2001, the painting was returned to the Uffizi in October, 2001, at which time the Springfield Library & Museums Association suffered a loss of its value in their collection. A recent appraisal places that value at $3,000,000.00. A copy of the appraisal letter dated December 11, 2001 is enclosed.

Thank you for your prompt response.

Very truly yours,

Deborah A. Basile

DAB/et

Enclosure

Cc: Joseph Carvalho

119474_1.DOC

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

ATTORNEYS AT LAW

PAUL S. DOHERTY
PHILIP J. CALLAN, JR
GARY P. SHANNON
ROBERT L. LEONARD
A. CRAIG BROWN
L. JEFFREY MEEHAN
JOHN J. McCARTHY
DAVID J. MARTEL‡
WILLIAM P. HADLEY
BARRY M. RYAN
DEBORAH A. BASILE†
PAUL M. MALECK
CLAIRE L. THOMPSON
W. GARTH JANES**
GREGORY A. SCHMIDT
MICHAEL K. CALLAN*
MICHAEL D. SWEET*‡
JAMES J. BREGIANES*
GRACE M. CALAMITA
BERNADETTE HARRIGAN‡
KEVIN H. VANDERLEEDEN
BRENDA S. DOHERTY

ONE MONARCH PLACE, SUITE 1900
SPRINGFIELD, MASSACHUSETTS 01144-1900
——
TELEPHONE (413) 733-3111

TELECOPIER (413) 734-3910

WWW.DWPM.COM
E MAIL: DBASILE@DWPM.COM

ROBERT E. MURPHY
SAMUEL A. MARSELLA
MATTHEW J. RYAN, JR.
OF COUNSEL

DUDLEY B. WALLACE
(1900-1987)
LOUIS W. DOHERTY
(1898-1990)
FREDERICK S. PILLSBURY
(1919-1996)

† REGISTERED PATENT ATTORNEY
* ALSO ADMITTED IN CONNECTICUT
‡ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN DISTRICT OF COLUMBIA

February 20, 2002

Andrius R. Kontrimas
Jenkens & Gilchrist
1100 Louisiana
Suite 1800
Houston, TX 77002

Dear Mr. Kontrimas:

Thank you for your letter of January 24, 2002. The director of the Springfield Library & Museums Association, Heather Haskell has spent considerable time pulling together the items which you requested in order to make a complete response. In spite of her efforts, she has not received the documentation requested in your item number 5. She has requested that information directly from Mr. De Masi.

Enclosed are the following:

1.  Attachments to Mr. Rodolfo Siviero's February 1, 1966 correspondence to Mr. Director;

2.  Attachment number 6 to the documentation provided by the Ministero Della Pubblica Istruzione, entitled Fotografia della Soprintendenza alle Gallerie di Firenze, n.24608, eseguita nel 1935;

3.  The series of correspondence beginning with Mr. Robinson's letter dated February 4, 1966;

4.  The correspondence dated October 20, 2000 including the copy of the photograph;

5.  A transparency of the painting which must be returned to my attention;

123290_1.DOC

DOHERTY, WALLACE, PILLSBURY AND MURPHY, P.C.

Andrius R. Kontrimas
February 20, 2002
Page 2

6.  A photograph of the front of the painting. We do not have a photograph of the back of the painting.

I will supplement this letter once we receive the requested documentation from Mr. De Masi.

The appraiser has not provided any further information relative to their valuation of the work.

I look forward to your response to my initial correspondence. Thank you for your cooperation.

Very truly yours,

Deborah A. Basile

DAB/et

Cc: Heather Haskell

C

RECYCLED

Thomas 1i 11/1/1966



*Roma, li 11/1/1966*

## Ministero
### della Pubblica Istruzione

IL DIRETTORE GENERALE
DELLE ANTICHITÀ E BELLE ARTI

Illustre Professore,
nel corso di una generale rico-
gnizione dei documenti riguardanti le perdite subite dal
patrimonio artistico italiano durante la guerra 1940-1945,
si è rilevato che il dipinto di Leandro Bassano, raffigu-
rante "Il Seminatore" e appartenente alla Galleria degli
Uffizi di Firenze (inv.n.1359), si trova ora al Museum of
Fine Arts di Springfield (Mass.-U.S.A.).

Il dipinto nel 1935 era stato concesso in prestito
per l'arredamento dell'Ambasciata d'Italia a Varsavia e
andò disperso durante le vicende belliche.

L'identificazione di questo dipinto fu accertata e re-
sa nota da W.Arslan, nel suo libro su I Bassano (Milano,
ediz.Ceschina, 1960, pag.269) e fu successivamente confer-
mata dalla Soprintendenza alle Gallerie di Firenze, che
possiede i documenti relativi.

Considerata la evidente appartenenza di questa opera
al patrimonio artistico dello Stato italiano, siamo in ob-
bligo di iniziare ogni azione possibile per la rivendica-
zione del possesso dell'opera stessa, secondo le leggi ita-
liane e nello spirito delle intese internazionali. E' noto
infatti che anche il Governo degli U.S.A., durante e dopo
la recente guerra, impose e facilitò la restituzione delle
opere d'arte comunque asportate dai paesi d'origine per cau-
sa della guerra stessa.

Prima di iniziare altri passi ufficiali, ho desiderato
rivolgermi personalmente a Lei per informarLa della delica-
ta questione e pregarLa di voler prendere in esame la possi-
bilità di una volontaria restituzione del dipinto alla Gal-
leria degli Uffizi di Firenze, che ne è la sola legittima
proprietaria.

./.

Confido vivamente che Ella, nello spirito di amiche-
vole collaborazione tra i Musei di tutto il mondo, voglia
favorire un accordo in tal senso, che avrebbe, tra l'al-
tro, positiva risonanza nell'opinione pubblica internazio
nale.

Comprendo il disagio che Le procuro con la notizia
della provenienza illegittima del dipinto che codesto Mu-
seo ha acquistato certamente in buona fede.

In attesa di conoscere la Sua opinione al riguardo,
La ringrazio e La prego di credere alla mia più alta con-
siderazione e gradire i miei migliori saluti.


Dr. Bruno Molajoli
Direttore Generale
delle Antichità e Belle Arti


Prof. Frederick B. ROBINSON
Director
Springfield Museum of Fine Arts
   49 Chestnut Street
         SPRINGFIELD (Mass)
U.S.A.

11/1/66

Distinguished professor,

During the course of our general review of the documentation regarding the losses incurred to the Italian artistic patrimony (cultural assets) during the war [of] 1940-1945, it was discovered that the painting by Leandro Bassano, recognizing/[depicting] "The Sower" belongs to the gallery of the Uffizi di Firenze (name of a museum) (inv. n. 1359), which [painting] is currently located at the Museum of Fine Arts of Springfield (Mass. – U.S.A.).

The painting in 1935 was loaned to the Italian Embassy in Varsavia to furnish its offices, and was lost during the war [referenced above].

The identification of this painting was ascertained and made known by W. Arslan in his book on I Bassano (Milan, Ceschna edition, 1960, p. 269), and was subsequently confirmed by the Superintendent of the Florence Gallery, who possesses the appropriate documentation.

Considering the evident appearance [noteworthy] of this work to the Italian artistic patrimony (cultural assets), we are obligated to commence every possible action to repossess the painting itself, in accordance with the laws of Italy and in the spirit of international intentions. It is also known that even the government of the U.S.A., before and after the recent war, required and facilitated the giving back to origin countries, works of art that were exported by cause of the war itself.

Before initiating any additional official steps, I desired to personally address myself to you to inform you of the delicate question and pray that you consider the possibility of a voluntary restitution of the painting to the museum of the Uffize di Firenze, which has the legitimate right to possession.

I have strong confidence that in the spirit of the friendly collaboration between museums of the entire world, that you will favor such an arrangement, and further, that such an action will have a positive response from the international public opinion.

I understand the inconvenience that I have caused you with this news of the illegitimate origin of the painting, that your museum has certainly acquired in good faith.

While waiting for your opinion on this matter, I thank you and I pray that you believe my highest regard and welcome my best greetings.

Dr. Bruno Malajoli
Director General of the Arts

Prof. Frederick B. Robinson
Director
Springfield Museum of Fine Arts
49 Chestnut Street
Springfield (Mass)  U.S.A.

D

January 17, 1966


Mr. E. Coe Kerr, Jr., President
M. Knoedler & Co., Inc.
14 East 57th Street
New York, New York  10022

Dear Coe:

   Herewith is a photostatic copy of a letter just received from
Dr. Bruno Molajoli, Direttore Generale delle Antichita' e Belle Arti,
Ministero della Pubblica Instruzione, in Rome. Needless to day, I will
hope to hear from you as soon as possible in regard to any early records
you may have still retained concerning the Bassano.

   I think you will agree that for the time being at least we should
keep this whole question quiet. Certainly we should explore all possi-
bilities as to the accuracy of Dr. Molajoli's statement. Since we have
owned the painting, it has been so well publicized and exhibited in tempo-
rary exhibitions, this seems like a rather late time to bring up such a
matter.

    With every good wish,

          Sincerely yours,


          Frederick B. Robinson
          Director


fbr/gl

Enclosures 3

**MUSEUM OF FINE ARTS**

49 CHESTNUT STREET
SPRINGFIELD 3, MASSACHUSETTS

January 17, 1966

M. KNOEDLER & CO., Inc.
RECEIVED
JAN 18, 1966

ANS'D _____

Mr. E. Coe Kerr, Jr., President
M. Knoedler & Co., Inc.
14 East 57th Street
New York, New York  10022

Dear Coe:

Herewith is a photostatic copy of a letter just received from Dr. Bruno Molajoli, Direttore Generale delle Antichita e Belle Arti, Ministero della Pubblica Instruzione, in Rome.  Needless to say, I will hope to hear from you as soon as possible in regard to any early records you may have still retained concerning the Bassano.

I think you will agree that for the time being at least we should keep this whole question quiet.  Certainly we should explore all possibilities as to the accuracy of Dr. Molajoli's statement.  Since we have owned the painting, it has been so well publicised and exhibited in temporary exhibitions, this seems like a rather late time to bring up such a matter.

With every good wish,

Sincerely yours,

Fred

Frederick B. Robinson
Director

fbr/gl

Enclosures 3

E

February 3, 1966


Mr. Helmut Ripperger, Librarian
M. Knoedler & Co., Inc.
14 East 57th Street
New York, New York  10022

Dear Mr. Ripperger:

Thank you for the copy of your letter to Dr. Becherucci of the Uffizi. It is excellent but for the fact we have just received the enclosed material, much of which you ask for in your letter. The enclosed photostat of the letter from Rodolfo Siviero listing the "Attachments" would seem to bring this matter now up to the "diplomatic" level.

In comparing the Uffizi photo sent by Siviero with Springfield's painting, the similarity is obvious; but if my figuring is correct the dimensions are not. Their painting is listed as being 49 cm x 42 cm. Our painting is 24" x 20". Thus the Uffizi painting is a much smaller version than ours.

How can we save their face now?  I shall not answer Siviero's letter until I hear again from you.

Sincerely yours,


Frederick B. Robinson
Director


fbr/gl

Enclosures 5

F

M KNOEDLER & CO.,INC.
14 EAST 57TH STREET
NEW YORK, N.Y. 10022
PLAZA 3·9742
PARIS, 85½ FAUBOURG ST. HONORÉ
LONDON, 34 ST. JAMES'S STREET
CABLE ADDRESSES
"KNOEDLER"
NEW YORK  PARIS  LONDON

February 9, 1966

Mr. Frederick B. Robinson, Director
Museum of Fine Arts
49 Chestnut Street
Springfield 3, Massachusetts

Dear Mr. Robinson:

I feel less sanguine about the Bassano affair
after having read your letter of February 8th
and after talking with you on the telephone
this afternoon. How lucky that I had not
sent off my letter to Dr. Becherucci.

You of course make a telling point in comparing
the size as given in the 1890 Uffizi inventory,
in the copy of the record card, and on the back
of the photograph, and finally in Mr. Siviero's
letter, namely 49 x 42 cm., with the size of
your picture, i.e. 61 x 50,8 cm. However, we
are confronted by an entry in a 1910 Uffizi
catalogue where the size is given as 49 x 61
cm., a size that conforms with that of your
picture.

Comparing the Uffizi photograph with our own,
there seems to be little doubt that they are
both of one and the same painting. Nonetheless,
there are still areas of confusion in addition
to the official size as claimed by the Uffizi.
If Arslan says that the Uffizi picture is now
in Springfield, without supporting his statement,
then why does he say on page 375 of the same
book that it was the picture in the Pitti Palace
which went to Springfield! Why did Molajoli

Mr. Frederick B . Robinson - February 9, 1966 - page 2

refer to it as being by Leandro whereas Siviero
gives it to Jacopo?  Why is there no mention,
of any kind, in any of the Berenson books of
the Uffizi picture?  And why did the Italian
authorities wait so many years before putting
in their claim?

As I told you on the telephone, the next step
would be to write to the firm in Lucerne from
which we acquired the picture and I have now
done so.  Then I think we should try and acquire
photographs of the version supposedly in the
Pitti Palace as well as the one in the Venice
Accademia, the catalogue of which (1908) gives
the size as 50 x 60 cm., which I will also
attempt.  In the meantime, may I suggest that
you write to Siviero saying that in view of
certain discrepancies - size, Arslan, etc. -
you are investigating the matter further and
will write to him again as soon as possible.

So that your records may be complete, I attach
the following:

1. copy of my letter of February 9th to Mrs.
   Steinmeyer
2. copy of the page in the 1910 Uffizi cata-
   logue
3. copy of the letter from Mr. Steinmeyer to
   Mr. Henschel of September 7, 1949
4. copy of the relevant pages in the second
   edition of Arslan's I Bassano
5. copy of the reference in Muraro's article
   which appeared in the BURLINGTON,
   September 1957

I will write to you again the moment I have
further news.

Sincerely,

Helmut Ripperger
Librarian

HR/rhf

G



February 11, 1966

Mr. Helmut Ripperger, Librarian
M. Knoedler & Co., Inc.
14 East 57th Street
New York, New York  10022

Dear Mr. Ripperger:

    Many thanks for your very good letter of the 8th and its five enclo-
sures. My letter to Siviero, written after my telephone call to you Wednesday,
is enclosed. When the Italian Counsel in Boston called in the morning, I
explained to him the very definite discrepancies in the dimensions given us'
by Siviero and the dimensions of Springfield's Bassano.

    Certainly you are quite right and wise to now let the matter rest
until you have had word from Mrs. Steinmeyer. Therefore at the moment, as
far as I am concerned, the discrepancies in the dimensions and the other
pecularities of the situation are all that I know; and this, of course, is true
too of my staff here.

    Again with great thanks both to you and to Coe and every good
wish,

Sincerely yours,


Frederick B. Robinson
Director

fbr/gl

Enclosure

H

April 22, 1966

Mr. Helmut Ripperger, Librarian
M. Knoedler & Co., Inc.
14 East 57th Street
New York, New York 10022

Dear Mr. Ripperger:

     Enclosed is a copy of the latest communication from
Rome. I have answered it by sending a copy of the letter I
wrote on February 9 as per the copy enclosed.

     This is it for now. I shall continue to play a very
quiet game.

                    Sincerely yours,


                    Frederick B. Robinson
                    Director

FBR:dmm
Enc. (2)

M. KNOEDLER & CO., INC.
14 EAST 57TH STREET
NEW YORK 22, N. Y.
PLAZA 3·9742
PARIS, 85 RUE FAUBOURG ST. HONORÉ
LONDON, 34 ST. JAMES'S STREET
CABLE ADDRESSES
"KNOEDLER"
NEW YORK  PARIS  LONDON

May 24, 1966

Mr. Frederick B. Robinson
Director
Museum of Fine Arts
49 Chestnut Street
Springfield 3, Massachusetts

Dear Mr. Robinson:

Thank you very much for your letter of May 23rd in the
matter of the Bassano.

Although we knew of the correct size in the earlier
catalogue, I see that the Italians have now come upon
this as well.

Although I have a sneaking suspicion that you and I feel
that we are dealing with one and the same picture, I
for one am not yet ready to give up the ghost.

It would seem to me that despite all of their photocopies,
citations, etc., they have not yet given us any valid proof
of:

　　　1.  No proof, other than their word that the picture
　　　was ever in the Embassy in Warsaw

　　　2.  There is no evidence presented to us other than
　　　their mere statement, how and when the picture
　　　supposedly disappeared from Warsaw.

For the moment, I should be inclined to reserve these two
shots for a later date and concentrate on something else.

Mr. Frederick B. Robinson - May 24, 1966 - page 2

You will recall that their sole evidence, as far as I know, is their dependence on the statement in Arslan's book, the 1960 edition. I think it now time to call their attention to the facts as given by this author.

As you know, Arslan's, the only evidence produced by the Italians today as far as their picture is concerned, refers to it on page 261 where he says it was in the Uffizi and, in that entry, refers to the Springfield entry on page 269. It is there that we find all the nonsense about the picture having disappeared from Warsaw and then turning up in America. But, and this should be written capital BUT, on page 375 of the same book on which the Italians lean so heavily, Arslan says that the Springfield picture was formerly in the Pitti Palace. Why not simply ask the learned gentlemen which entry is correct?

Let us keep on fighting.

Sincerely,

Helmut Ripperger
Librarian

HR/lg