UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SPRINGFIELD LIBRARY AND MUSEUM
ASSOCIATION, INC.,
                        Plaintiff,

v.

KNOEDLER ARCHIVUM, INC. f/k/a
M. KNOEDLER & COMPANY, INC.,
                        Defendant.

Civil Action
No. 03-CV-30219-MAP

# MEMORANDUM IN SUPPORT OF DEFENDANT KNOEDLER ARCHIVUM, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Kenneth W. Salinger (BBO #556967)
Amy J. Berks (BBO #652491)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
ksalinger@palmerdodge.com
aberks@palmerdodge.com

*Of Counsel:*
Andrius R. Kontrimas
Kerry M. McMahon
JENKENS & GILCHRIST, P.C.
1401 McKinney, Suite 2700
Houston, TX 77010

September 15, 2003

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................. 2

ARGUMENT ..................................................................................................................... 3

    I.    Knoedler Is Entitled to Judgment on the Pleadings Because the Museum's Claims Are Time-Barred ............................................................................................ 3

        A.    The Amended Complaint Is Time-Barred On Its Face ............................ 4

        B.    The Museum Fails to Allege Facts Sufficient to Show Tolling Either Under a Fraudulent Concealment Theory or Under the Discovery Rule ............................................................................................ 5

        C.    The Museum Was on Notice of a Potential Claim No Later Than 1966 ............................................................................................. 8

            1.    The Court May Consider the 1966 Correspondence Referred to in the One Letter Cited in the Amended Complaint ............................................................................................ 8

            2.    The Museum Had Sufficient Notice of Potential Claims Against Knoedler by 1966 ............................................................. 10

            3.    The Museum Failed to Exercise Reasonable Diligence ............... 11

            4.    When The Museum Suffered Damages Is Irrelevant .................... 12

    II.   At the Very Least, The Museum's Chapter 93A Claim Must Be Dismissed Because The Statute Is Not Retroactive ................................................................. 13

CONCLUSION ................................................................................................................ 14

## Table of Authorities

Page

**Federal Cases**

*Aldahonda-Rivera v. Parke Davis & Co.*,
   882 F.2d 590 (1st Cir. 1989)...........................................................................................5

*Alternative Energy Inc. v. St. Paul Fire & Marine Ins. Co.*,
   267 F.3d 30 (1st Cir. 2001)............................................................................................8

*Beddall v. State St. Bank & Trust Co.*,
   137 F.3d 12 (1st Cir. 1998)............................................................................................8

*Berkson v. DelMonte Corp.*,
   743 F.2d 53 (1st Cir. 1984)............................................................................................7

*Cambridge Plating Co. v. Napco, Inc.*,
   991 F.2d 21 (1st Cir. 1993)............................................................................................5

*Campagna v. Mass. Dept. of Envt'l Protection*,
   334 F.3d 150 (1st Cir. 2003)..........................................................................................6

*Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*,
   228 F.3d 24 (1st Cir. 2000)............................................................................................8

*Cumis Ins. Soc. v. Citibank, N.A.*,
   921 F.Supp. 1100 (S.D.N.Y. 1996)............................................................................7, 8

*Dartmouth Review v. Dartmouth College*,
   889 F.2d 13 (1st Cir. 1989)............................................................................................6

*Feliciano v. State of Rhode Island*,
   160 F.3d 780 (1st Cir. 1998)..........................................................................................4

*Fudge v. Penthouse Intl., Ltd.*,
   840 F.2d 1012 (1st Cir. 1988)......................................................................................10

*Fulcher v. United States*,
   696 F.2d 1073 (4th Cir. 1982).....................................................................................12

*Geupel v. Benson*,
   704 F.Supp. 312 (D.Mass 1989)....................................................................................4

*Gonzalez-Bernal v. United States*,
   907 F.2d 246 (1st Cir. 1990)..........................................................................................6

Page

*Gonzalez v. United States*,
    284 F.3d 281 (1st Cir. 2002)..................................................................................................6

*J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*,
    76 F.3d 1245 (1st Cir. 1996)..................................................................................................6

*Lareau v. Page*,
    840 F.Supp. 920 (D.Mass. 1993)..........................................................................................5

*O'Rourke v. Jason Inc.*,
    978 F.Supp. 41 (D.Mass. 1997)..........................................................................................12

*Phelps v. McClellan*,
    30 F.3d 658 (6th Cir. 1994)...................................................................................................4

*Romani v. Shearson Lehman Hutton*,
    929 F.2d 875 (1st Cir. 1991)..................................................................................................9

*Saenger Org., Inc. v. Nationwide Ins. Licensing Assoc., Inc.*,
    119 F.3d 55 (1st Cir. 1997)....................................................................................................5

*Shaw v. Digital Equip. Corp.*,
    82 F.3d 1194 (1st Cir. 1996)..................................................................................................8

*Slavin v. Morgan Stanley & Co. Inc.*,
    791 F.Supp. 327 (D.Mass. 1992)..........................................................................................7

*United States v. Kubrick*,
    444 U.S. 111 (1979).............................................................................................................12

*Watterson v. Page*,
    987 F.2d 1 (1st Cir. 1993)......................................................................................................9

*Whitcomb v. Pension Dev. Co., Inc.*,
    808 F.2d 167 (1st Cir. 1986)................................................................................................12

*Wilson v. Hammer Holdings, Inc.*,
    671 F.Supp. 94 (D.Mass. 1987), *aff'd*, 850 F.2d 3 (1st Cir. 1988)....................................13

**State Cases**

*Albrecht v. Clifford*,
    436 Mass. 706, 767 N.E.2d 42 (2002)............................................................................7, 11

*Bowen v. Eli Lilly & Co., Inc.*,
    408 Mass. 204, 557 N.E.2d 739 (1990)..........................................................................10, 11

*Commonwealth v. De Cotis*,
    366 Mass. 234, 316 N.E.2d 748 (1974)..............................................................................13

Page

*Friedman v. Jablonski,*
   371 Mass. 482, 358 N.E.2d 994 (1976) ............................................................................... 11

*Lewis v. Ariens Co.,*
   434 Mass. 643, 751 N.E.2d 862 (2001) ............................................................................... 13

*Melrose Hous. Auth. v. N.H. Ins. Co.,*
   402 Mass. 27, 520 N.E.2d 493 (1988) ............................................................................. 7, 12

*Olsen v. Bell Tel. Laboratories, Inc.,*
   388 Mass. 171, 445 N.E.2d 609 (1983) ............................................................................... 12

*Patsos v. First Albany Corp.,*
   433 Mass. 323, 741 N.E.2d 841 (2001) ................................................................................. 7

*White v. Peabody Constr. Co., Inc.,*
   386 Mass. 121, 434 N.E.2d 1015 (1982) ........................................................................ 5, 10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC.,<br>Plaintiff,<br><br>v.<br><br>KNOEDLER ARCHIVUM, INC. f/k/a M. KNOEDLER & COMPANY, INC.,<br>Defendant. | Civil Action<br>No. 03-CV-30219-MAP |

## MEMORANDUM IN SUPPORT OF DEFENDANT KNOEDLER ARCHIVUM, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

### Introduction

In 1955, plaintiff Springfield Library and Museum Association, Inc. (the "Museum") paid $5,000 to buy a painting from defendant Knoedler Archivum, Inc. ("Knoedler"). (Amd. Comp. ¶ 5.) The painter was identified as Jacopo da Ponte Il Bassano ("Bassano"). (Amd. Comp. Ex. A.) Subsequently, the Italian Government claimed ownership of the painting. In 2001, 46 years after purchasing it from Knoedler, the Museum gave the Bassano painting to the Italian Government. (Amd. Comp. ¶¶ 13-14.) On this basis the Museum now seeks $3,000,000 in damages.

The Museum's claims are all time-barred. The Museum's causes of action accrued either upon the sale of the painting in 1955, or in 1966 when the Italian Government first informed the Museum of the Bassano painting's allegedly questionable provenance. This is confirmed by correspondence from 1966 that has been produced by the Museum, and that is referenced in an October 2000 letter cited in the Museum's Amended Complaint. The statute of limitations issue

disposes of this case. The Museum's conclusory assertions that it could not have known that it may have claims against Knoedler until 2000 is not supported by any factual allegations, and is contradicted by the undisputed 1966 correspondence provided by the Museum. These assertions are thus insufficient as a matter of law to toll the statute of limitations. Knoedler is therefore entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c).

## Factual Background

The Museum purchased the Bassano painting from Knoedler for $5,000 in 1955. (Amd. Comp. ¶ 5.) In January 1966, the Italian Government wrote to the Museum claiming that the Bassano belonged to it but was lost during World War II, stating that Italy was prepared to bring an action to repossess the painting, and asking the Museum to return it voluntarily. (Answer ¶ 13 & Ex. C, Letter from the Director General of Antiquities and Fine Arts to the Director of the Museum, dated January 11, 1966.) Over the next few months in early 1966, the Museum and Knoedler exchanged a series of letters confirming that the Museum was well aware that the Italian Government was challenging the Museum's legal right to the Bassano painting it had purchased from Knoedler. (Answer ¶ 13 & Exs. D, E, G and H, Letters from the Director of the Museum to Knoedler dated January 17, 1966, February 8, 1966, February 11, 1966 and April 22, 1966). Rather than deal with the Italian Government's claims at that time, however, the Director of the Museum decided to "keep this whole question quiet" and to "play a very quiet game." (Answer ¶ 13 & Exs. D, H, Letters from Director of the Museum to Knoedler dated January 17, 1966 and April 22, 1966.)

More recently the Italian Government renewed its efforts to reclaim the Bassano from the Museum. The Amended Complaint states that "[o]n or about October 20, 2000, the Italian Government transmitted correspondence to the Springfield Museums setting forth facts asserting that [the Bassano painting] had been stolen from the Italian Embassy in Warsaw during World

-2-

War II." (Amd. Comp. ¶13.) This letter refers to the "numerous letters exchanged between the national authorities ... and the Springfield museum" during "the thirty-years subsequent to the disappearance of the painting." (Answer Ex. A.) Because the painting was said to have disappeared in 1939 (*id.*), this means that the reference to ongoing correspondence between the Italian Government and the Museum regarding the painting took place prior to 1969.

On June 22, 2001, the Museum voluntarily returned the Bassano painting. (Amd. Comp. ¶ 14.) The Museum did not contact Knoedler until on or about December 14, 2001, when it made a demand on Knoedler for the alleged value of the Bassano painting. (Amd. Comp. ¶ 16.) In response, Knoedler requested and was provided with the Museum's correspondence file regarding the Italian Government's demand for the Bassano painting, including the 1966 correspondence confirming that the Museum was aware at that time of the Italian Government's claims. (Answer ¶ 13 & Ex. B, Letters from attorney for Museum to attorney for Knoedler, dated January 17, 2002, and February 20, 2002.) Because this correspondence was provided by the Museum, its authenticity is undisputed.

## Argument

I. **KNOEDLER IS ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE THE MUSEUM'S CLAIMS ARE TIME-BARRED.**

The Museum is well aware that its limitations problems are fatal to its claims; indeed, Knoedler has explained those problems in conversation with the Museum's trial attorney. The Museum's response is to try to mislead the Court, in an attempt to avoid dismissal, by: (i) omitting any mention of the 1966 correspondence from its complaint, and not even attaching to its complaint the October 20, 2000, letter from the Italian Government that it does cite (Amd. Comp. ¶ 13); and (ii) adding to the Amended Complaint a new, conclusory, but unsupported assertion that "[i]t was not until on or about October 20, 2000 [the date of the more recent

-3-

correspondence from Italy] that the Springfield Museum had a reasonable basis to believe [that] Knoedler's representations to the Springfield Museum [in 1955] were false" (Amd. Comp. ¶ 12). As explained below, neither of these ploys can save the Museum from having its claims dismissed. Those claims come many decades too late and thus are time-barred.

Judgment on the pleadings is a "classic" way to dispose of a case which is barred by the applicable statutes of limitations. *Geupel v. Benson*, 704 F. Supp. 312, 313 (D. Mass. 1989); *accord Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) ("As far as we are concerned, judgment on the pleadings under Fed. R. Civ. P. 12(c) is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim."). "A Rule 12(c) motion is a motion for judgment on the merits and should be granted only where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law." *Geupel*, 704 F.Supp. at 313. "Accordingly, defendant's motion should be allowed if the undisputed facts alleged in the pleadings, together with any facts of which the Court will take judicial notice, establish that no relief can be granted for the plaintiff." *Id.* Thus, a motion for judgment on the pleadings should be granted where the plaintiff can prove no set of facts in support of its claim which would entitle it to judgment. *Feliciano v. State of Rhode Island*, 160 F.3d 780, 788 (1st Cir. 1998).

### A.    The Amended Complaint Is Time-Barred On Its Face.

The gravemen of the Museum's Amended Complaint is that in 1955 Knoedler falsely represented in the bill of sale that it held clear title to the Bassano painting and could sell it to the Museum. (Amd. Comp. ¶ 11.) Every one of the Museum's legal theories is based either on the claim that Knoedler deliberately or negligently made false representations in 1955, or that Knoedler failed to defend the Museum adequately when Italy raised its claim of ownership in 1966. (Amd. Comp. ¶¶ 21-24, 27-28, 32-34, 37, 40, 44, 48.)

-4-

Unless the running of the applicable limitations periods is shown to have been tolled, the facts alleged by the Museum indicate on their face that the Museum's claims are time-barred. Massachusetts statutes of limitations apply to the seven claims brought by the Museum against Knoedler. *Lareau v. Page*, 840 F. Supp. 920, 925 (D. Mass. 1993). While the limitation periods are set by statute, courts have developed rules for their application. *Cambridge Plating Co. v. Napco, Inc.*, 991 F.2d 21, 25 (1st Cir. 1993); *White v. Peabody Constr. Co., Inc.*, 386 Mass. 121, 128, 434 N.E.2d 1015, 1020 (1982). ("The determination of when a cause of action 'accrues' has generally been left to the courts by the Legislature"). For most claims the cause of action accrues at the time of injury or the time of breach. *Saenger Org., Inc. v. Nationwide Ins. Licensing Assoc., Inc.*, 119 F.3d 55, 64 (1st Cir. 1997). Under this rule, the Museum's causes of actions accrued in 1955 when it purchased the Bassano painting from Knoedler. The applicable statute of limitations is three years for actions sounding in tort, four years for actions under the consumer protection statutes, six years for contract actions, and twenty years if it were proven the contract was under seal. M.G.L. c. 260 §§ 1, 2, 2A, 5A (2003). The longest statute of limitations possibly applicable is twenty years. Thus, any claims which accrued prior to 1983 are all barred by the governing statutes of limitations.

**B.    The Museum Fails to Allege Facts Sufficient to Show Tolling Either Under a Fraudulent Concealment Theory or Under the Discovery Rule.**

Where, as here, it is clear on the face of plaintiff's complaint that its claims are time-barred unless the applicable statute of limitations were tolled, the plaintiff must support any claim of tolling with "specific facts pleaded in the complaint." *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 592 (1st Cir. 1989) (affirming dismissal where plaintiff's "argument that the limitations period was tolled for five years . . . is not supported by any specific facts pleaded in the complaint."). This is consistent with the general rule that the Court is "not bound to credit

'bald assertions, unsupportable conclusions, and opprobrious epithets.'" *Campagna v. Mass. Dept. of Envt'l Protection,* 334 F.3d 150, 155 (1st Cir. 2003) (affirming grant of motion to dismiss) (quoting *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir. 1989)). "A plaintiff must allege facts in support of 'each material element necessary to sustain recovery under some actionable legal theory.'" *Id.*

The Museum tries to keep its time-barred claims alive by alleging: (i) that Knoedler engaged in "fraudulent concealment" that "until in or about 2001" prevented the Museum from learning that Knoedler had not passed on good title to the Bassano painting (Amd. Comp. ¶ 34); and (ii) that it was not until "on or about October 20, 2000" that the Museum "had a reasonable basis to believe Knoedler's representations" about title back in 1955 "were false" (Amd. Comp. ¶ 12). The Museum does not support either of these conclusory allegations with any specific factual allegations. As a matter of law, therefore, these conclusory allegations are insufficient to save the Museum's claims from the reach of the statute of limitations.

The Museum's conclusory assertion of fraudulent concealment is insufficient to toll the limitations period because it is not supported by any allegation of specific facts sufficient to show that the Museum exercise due diligence based on all information available to it. *See Gonzalez v. United States,* 284 F.3d 281, 292 (1st Cir. 2002). The doctrine of fraudulent concealment will only toll the statute of limitations where two conditions are met:

> First, the defendant raising the limitations defense must have engaged in fraud or deliberate concealment of material facts related to the wrongdoing. Second, the plaintiff must have failed to discover these facts within the normal limitations period despite his or her exercise of due diligence.

*Id.* The Museum had to "plead with particularity" specific facts sufficient to show both concealment and its "due diligence in trying to uncover the facts." *Gonzalez-Bernal v. United States,* 907 F.2d 246, 250 (1st Cir. 1990) (citation omitted); *see also, e.g., J. Geils Band*

*Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255 (1st Cir. 1996). "Conclusory allegations of due diligence are not sufficient; where a plaintiff has utterly failed to make even the requisite allegations, he cannot claim that his underlying cause of action was fraudulently concealed." *Berkson v. DelMonte Corp.*, 743 F.2d 53, 56-57 (1st Cir. 1984) (citations omitted). Thus, "where plaintiff has not met his burden of alleging *facts* which could lead to an inference of reasonable diligence, there is no resulting opportunity for that inference to toll the statute of limitations." *Slavin v. Morgan Stanley & Co. Inc.*, 791 F.Supp. 327, 331 (D.Mass. 1992) (emphasis in original) (allowing motion to dismiss on limitations grounds). Here, the Museum makes no allegation of due diligence, and thus as a matter of law its assertion of fraudulent concealment is insufficient to save its late claims.

The same is true of the Museum's conclusory assertion that prior to 2000 it had no reasonable basis for questioning whether it had been given good title to the Bassano painting. (Amd. Comp. ¶ 12.) The discovery rule "operates to toll a limitations period until a prospective plaintiff learns or should have learned that he has been injured." *Patsos v. First Albany Corp.*, 433 Mass. 323, 328, 741 N.E.2d 841, 846 (2001). This rule applies only when the facts of a claim were "inherently unknowable," *i.e.* only until a plaintiff "knew or should have known" of its cause of action. *Albrecht v. Clifford*, 436 Mass. 706, 714, 767 N.E.2d 42, 49 (2002). "Inherent unknowability is not a fact, but rather a conclusion to be drawn from the facts." *Id.* (quoting *Melrose Hous. Auth. v. N.H. Ins. Co.*, 402 Mass. 27, 31-32 n.4, 520 N.E.2d 493, 497 n.4 (1988)). "It is the plaintiff's burden to plead facts sufficient to toll the statute of limitations by means of the discovery rule." *Cumis Ins. Soc. v. Citibank, N.A.*, 921 F.Supp. 1100, 1111 (S.D.N.Y. 1996). Thus, "the bare allegation that the plaintiff did not actually discover the defendant's alleged negligence does not avoid the limitations bar" since that allegation would be insufficient to meet the plaintiff's burden of proving that the plaintiff, "in the exercise of

reasonable diligence," could not "have learned of the facts and circumstances of its claim" far earlier. *Id.* Here, the Museum fails to allege any facts showing that with reasonable diligence it could not have learned long before October 2000 of a threat to its ownership of the Bassano and thus the possibility of bringing claims against Knoedler.

To the contrary, the very October 2000 letter cited by the Museum indicates that prior to 1969 the Museum had been put on notice of the Italian Government's claim that it owned the painting. (*See* Factual Background, above, and Answer ¶13 & Ex. A, Letter from the Consul General of Italy to the President of the Museum dated October 20, 2000.) The plaintiff's failure to attach this integral document to its Amended Complaint does not prevent the Court from considering it. "[I]t is well-established that in reviewing the complaint, [the Court] 'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment.'" *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 132 (1st Cir. 2000) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)); *see also, e.g., Alternative Energy Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33-34 (1st Cir. 2001); *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998).

### C. The Museum Was on Notice of a Potential Claim No Later Than 1966.

#### 1. The Court May Consider the 1966 Correspondence Referred to in the One Letter Cited in the Amended Complaint.

In addition to considering the Museum's failure to allege any facts sufficient to toll the statutes of limitations, the Court may also consider the correspondence which demonstrates that the Museum was well aware of its potential claims beginning in 1966. Doing so would not require the Court to treat Knoedler's motion as one for summary judgment, as explained below.

Out of its long course of correspondence with the Italian Government, the Museum is careful to refer only to one letter, dated October 20, 2000, in its Amended Complaint. However, the Museum does not – and cannot – allege that this was the first time that it learned of the Italian Government's threatened claim to recover the Bassano painting. While the Museum omits from its Amended Complaint key information regarding its correspondence with the Italian Government, the one letter it does rely on provides that information. In the October 2000 correspondence claiming ownership of the Bassano painting, the Italian Government refers to "numerous letters exchanged between the national authorities ... and the Springfield museum." (Answer ¶13 & Ex. A, Letter from the Consul General of Italy to the President of the Museum dated October 20, 2000.) This reference belies any suggestion that the October 2000 correspondence was the Museum's first communication with the Italian Government.

This exchange of correspondence began in January 1966, when the Italian Government first requested the return of the Bassano painting. (Answer ¶ 13 & Ex. C, Letter from the Director General of Antiques and Fine Arts to the Director of the Museum, dated January 11, 1966.) The 1966 correspondence demonstrates that the Museum can not further amend its complaint in order to make out a viable claim that the statutes of limitations were tolled until the year 2000.

This letter, and a series of confirmatory letters also sent or received by the Museum in 1966, were produced by the Museum to Knoedler in 2002. Thus, their authenticity is not in dispute. This Court may consider documents outside of those attached to the Amended Complaint if their authenticity is not disputed. *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993) (in ruling on motion to dismiss, court may consider "documents the authenticity of which are not disputed by the parties"); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991) (lower court's consideration of undisputed materials attached to motion to dismiss

-9-

"did not convert the motion to dismiss into a motion for summary judgment"); *Fudge v. Penthouse Intl., Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988) ("when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading," quoting C. Wright & A. Miller, *Federal Practice and Procedure* § 1327 at 489 (1969)).

### 2. The Museum Had Sufficient Notice of Potential Claims Against Knoedler by 1966.

The Museum may try to aver that until in or after October 2000 the Italian Government did not prove to its satisfaction that the Bassano painting was the same painting allegedly stolen from the Italian Embassy in Warsaw. However, it is not necessary that a plaintiff understand or know all the details of either the injury or the cause of the injury for the statute of limitations to begin to run. *Bowen v. Eli Lilly & Co., Inc.*, 408 Mass. 204, 208, 557 N.E.2d 739, 742 (1990) (requiring either knowledge or "sufficient notice" of a harm and its cause); *White*, 386 Mass. at 130, 434 N.E.2d at 1020 ("The 'notice' required is not notice of every fact which must eventually be proved in support of the claim."). The Museum had sufficient notice of its claims in January 1966 when it first learned there was a potentially valid claim to ownership of the Bassano painting.

Not only did the Italian Government state explicitly that the Bassano painting belonged to it, the Museum's Director expressly acknowledged to Knoedler that "the similarity" between the photo sent by the Italian Government in January 1966 and the painting held by the Museum "is obvious." (Answer ¶ 13 & Ex. E, Letter from the Director of the Springfield Museum to Knoedler dated February 8, 1966.) Knoedler's representatives opined at that time that the Museum was "dealing with one and the same picture" and that there was "little doubt that they are both of one and the same painting." (Answer ¶13 & Exs. F & I, Letters from Knoedler to the

Director of the Springfield Museum dated February 9, 1966 and May 24, 1966.) Thus, as of 1966, the facts underlying the Museum's claims were not "inherently unknowable." To the contrary, they were explicitly acknowledged in correspondence to and from the Museum.

### 3. The Museum Failed to Exercise Reasonable Diligence.

Once it was known that the Italian Government claimed title to the Bassano painting, the Museum should have investigated until the matter was resolved. When a plaintiff is aware of facts that may give rise to a claim, the plaintiff has a "duty of inquiry" to determine the nature or cause of the harm. *Bowen,* 408 Mass. at 210, 557 N.E.2d at 743. A plaintiff must exercise reasonable diligence to discover whether it has been harmed or the cause of the harm in light of facts known to it. *Albrecht,* 436 Mass. at 714-716, 767 N.E.2d at 49-50 (citing *Friedman v. Jablonski,* 371 Mass. 482, 485-485, 358 N.E.2d 994 (1976)).

The Museum clearly had sufficient notice in 1966 to at least begin an inquiry, because that is in fact what it did. The Museum asked Knoedler to provide information "in regard to any early records you may have still retained concerning the Bassano." (Answer ¶ 13 & Ex. D, Letter from the Director of the Museum to Knoedler dated January 17, 1966.) This letter demonstrates that in 1966 the Museum knew exactly which painting the Italian Government claimed as its own and the underlying facts of the harm: it knew that the Bassano painting's provenance was disputed. It was therefore incumbent on the Museum to use reasonable diligence to discover the extent of the harm and pursue any claims against Knoedler within the applicable statute of limitations.

Instead, the Museum made a business decision to ignore the Italian Government's claims in the hope they would go away. (Answer ¶ 13 & Exs. D, G, & H, Letters from the Director of the Springfield Museum to Knoedler dated January 17, 1966, February 11, 1966, and April 22, 1966.) By 2000, when the Italian Government renewed its efforts to reclaim the painting, there

-11-

had been a sea change in public opinion about art stolen during World War II. Being quietly recalcitrant was no longer an acceptable option, and the Museum voluntarily returned the Bassano painting, sidestepping any potential for negative publicity.

In its Amended Complaint, the Museum tries to ignore and thereby escape its decision in 1966 not to pursue the matter of the Bassano painting or its claims against Knoedler. This it may not do. Statutes of limitations are a "pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *O'Rourke v. Jason Inc.*, 978 F. Supp. 41, 50 (D. Mass. 1997) (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979)). Plaintiff should "not be allowed to close [its] eyes to facts readily observable by ordinary attention, and maintain for [its] own advantage the position of ignorance." *Melrose Hous. Auth.*, 402 Mass. at 35, 520 N.E.2d at 498 (quoting *Fulcher v. United States*, 696 F.2d 1073, 1077 (4th Cir. 1982)). Knoedler cannot be forced in 2003 to defend itself against an action arising from the 1955 sale of a painting that was first claimed by the Italian Government in 1966. The Museum's claims are time-barred and should be dismissed.

### 4. When The Museum Suffered Damages Is Irrelevant.

The Museum avers it did not suffer damages before June 22, 2001. (Amd. Comp. ¶15.) But that allegation does not permit the Museum to avoid the statute of limitations that clearly bars these actions. Under a contract action, the statute of limitations begins to run at the time of breach whether or not damages are known and even when damages are sustained at a later date. *Whitcomb v. Pension Dev. Co., Inc.*, 808 F.2d 167, 169 (1st Cir. 1986). Under an action for tort, the plaintiff only needs to know that it has been injured, not the full extent of its injury. *Olsen v. Bell Tel. Laboratories, Inc.*, 388 Mass. 171, 176, 445 N.E.2d 609, 612 (1983). Moreover, whether considered as contract or tort, the alleged injury was not the return of the Bassano

-12-

painting but that the Museum did not possess clear title when the painting was purchased in 1955. *Wilson v. Hammer Holdings, Inc.*, 671 F. Supp. 94, 97 (D. Mass. 1987), *aff'd*, 850 F.2d 3 (1st Cir. 1988) ("The injury to the plaintiffs was the purchase of a painting that they believed to be more valuable than it really was. As such the injury occurred when the painting was purchased in 1961."). The Museum's assertions in Paragraph 15 of the Amended Complaint, therefore, have no relevance to the issues before the Court.

## II. AT THE VERY LEAST, THE MUSEUM'S CHAPTER 93A CLAIM MUST BE DISMISSED BECAUSE THE STATUTE IS NOT RETROACTIVE.

Even if the Museum's claims were not time-barred, which they are, its claim under G.L. Chapter 93A would still fail to state a claim upon which relief may be granted. Chapter 93A was enacted in 1967 and became effective on March 26, 1968. *See* Mass. St. 1967, c. 813. Chapter 93A affects substantive rights and as such can not be applied retroactively. *Lewis v. Ariens Co.*, 434 Mass. 643, 650, 751 N.E.2d 862, 868 n.19 (2001); *Commonwealth v. De Cotis*, 366 Mass. 234, 244 n.8, 316 N.E.2d 748, 755 (1974). The painting was sold in 1955, thirteen years before the effective date of Chapter 93A. Thus, as a matter of law Chapter 93A does not apply to the facts of this case. *Id.*

## Conclusion

For the reasons set forth above, the claims brought by the Museum are barred by the applicable statutes of limitations and must be dismissed. The Chapter 93A claim should be dismissed for the additional reason that Chapter 93A is not retroactive to 1955. Knoedler respectfully requests that the Court enter judgment on the pleadings dismissing the Amended Complaint with prejudice.

KNOEDLER ARCHIVUM, INC.

By its attorneys,

_____
Kenneth W. Salinger (BBO #556967)
Amy J. Berks (BBO #652491)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
ksalinger@palmerdodge.com
aberks@palmerdodge.com

*Of Counsel:*
Andrius R. Kontrimas
    Texas State Bar No. 11672300
Kerry M. McMahon
    Texas State Bar No. 00797053
JENKENS & GILCHRIST, P.C.
1401 McKinney, Suite 2700
Houston, TX 77010

September 15, 2003

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by certified mail, return receipt requested on September 15, 2003.

_____