UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC., <br> Plaintiff <br><br> v. <br><br> KNOEDLER ARCHIVUM, INC. f/k/a M. KNOEDLER & COMPANY, INC., <br> Defendant | Civil Action <br> No. 03-CV-30219-MAP |

## PLAINTIFF, SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT

### I.   FACTS

The Springfield Library and Museum Association, Inc. (hereinafter the "Springfield Museums") sets forth the following relevant facts:

1. The Springfield Museum's Complaint and Demand for Jury Trial was filed in the Hampden County Superior Court on or about August 6, 2003;

2. The Springfield Museums' Amended Complaint and Demand For Jury Trial was filed, as a matter of course, on or about August 29, 2003;

3. On or about September 8, 2003, this matter was transferred to the United States District Court.

{Document=X:\DOCS\21553\9\lettmemo\00052820.DOC;1}

4. The Springfield Museums seeks to amend its Amended Complaint to supplement factual detail attendant its claims.

## II.  ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a), a litigant may amend a pleading once as a matter of right before a responsive pleading is filed and, thereafter, by the parties consent or "by leave of court." Fed. R. Civ. P. 15(a). Fed. R. Civ. P. 15(a) provides, in pertinent part, that "leave shall be freely given when justice so requires." See Subaru Distribs. Corp. v. General Ship Corp., 167 F.R.D. 342, 343 (D. Mass. 1996)(leave to amend must be freely given when justice requires). Indeed, "a liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." Moore's Federal Practice 3d § 15.14. "During the pre-trial phase, a court should allow amendments to ensure that all the issues are before the court." Id.

Nonetheless, amendment is not automatic. The court will consider several factors in deciding whether granting leave to amend. These factors include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. Id. See Forman v. Davis, 371 US 178 (1962).

None of such preclusive factors are present herein. In particular, the Springfield Museums provided Knoedler Archivum, Inc. the facts set forth in its proposed amendment prior to the onset of litigation as well as in the Springfield Library and Museums Association, Inc's. Opposition to Knoedler Archivum Inc.'s Motion For Judgment On the Pleadings. To the extent Knoedler Archivum, Inc. has had ample time to analyze the Springfield Museums' positions as

set forth in its proposed Second Amended Complaint, it may not be said that the Springfield Museums' proposed amendment meets any of the criteria this Court may deem adequate for denying Plaintiff's Motion To Amend Complaint. In particular, Knoedler Archivum, Inc. is in no manner prejudiced through the supplement of facts which were made known to Knoedler Archivum, Inc. prior to the onset of litigations as well as through Springfield Library Museum Association, Inc's Opposition to Knoedler Archivum, Inc's. Motion For Judgment on The Pleadings.

For the foregoing reasons, the Springfield Library and Museum Association, Inc. respectfully requests this Honorable Court grant its Motion To Amend Complaint.

> SPRINGFIELD LIBRARY AND MUSEUMS ASSOCIATION, INC.
>
> _____
> MARK D MASON, ESQUIRE
> Cooley, Shrair, P.C.
> 1380 Main Street, Fifth Floor
> Springfield, MA 01103
> Telephone: (413) 735-8040
> Fax: (413) 733-3042
> BBO# 544936

Dated: October 16, 2003

## Certificate of Service

I, Mark D. Mason, Attorney for the Plaintiff, do hereby certify that I have this date served or caused to be served upon Defendant a copy of Plaintiff's Memorandum of Law in Support of its Motion to Amend Complaint by mailing the same, postage prepaid first class mail, as follows:

> Andrius Kontrimas, Esquire
> Carrie M. McMann
> Jenkins & Gilchrist
> 1100 Louisiana
> Suite 1800
> Houston, TX 77002

> Kenneth W. Salinger, Esq.
> Amy J. Berks, Esq.
> Palmer & Dodge, LLP
> 111 Huntington Avenue
> Boston, MA 02199

Dated: October 16, 2003

_____
MARK D MASON, ESQUIRE