UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC., <br>                              Plaintiff, <br><br> v. <br><br> KNOEDLER ARCHIVUM, INC. f/k/a M. KNOEDLER & COMPANY, INC., <br>                              Defendant. | Civil Action <br> No. 03-CV-30219-MAP |

## ANSWER TO SECOND AMENDED COMPLAINT

### First Defense

Knoedler Archivum, Inc. f/k/a M. Knoedler & Company, Inc. ("Knoedler") answers the correspondingly numbered paragraphs of Springfield Library and Museum Association, Inc.'s ("Plaintiff") Second Amended Complaint as follows:

1.   The "Preliminary Statement" contained in paragraph 1 of the Second Amended Complaint contains no averment of fact and thus does not require a response.

2.   Knoedler admits to the allegations regarding Plaintiff's corporate status and principal place of business address.  Knoedler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

3.   Admitted.

4.   Knoedler admits that in 1955, Knoedler sold the painting entitled "Spring Sowing" (the "Painting") to the City Library Association of Springfield for Five Thousand Dollars ($5,000.00), and denies any remaining allegations.

5.   Admitted.

6. Admitted.

7. Knoedler admits the Bill of Sale states "signed and sealed" and denies any further allegations.

8. Knoedler is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Knoedler is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Denied.

11. Knoedler admits that the Italian Government transmitted correspondence to the Plaintiff on or about January 11, 1966 and said correspondence is attached as Exhibit B to the Second Amended Complaint. Knoedler further states that said correspondence is a written document that speaks for itself and denies that this paragraph accurately reflects all opinions or information in said correspondence.

12. Knoedler admits that the Plaintiff transmitted a copy of the correspondence from the Italian Government to Knoedler on or about January 17, 1966 and said correspondence is attached as Exhibit C to the Second Amended Complaint. Knoedler further states that said correspondence is a written document that speaks for itself and denies that this paragraph accurately reflects all opinions or information in said correspondence.

13. Knoedler admits the Plaintiff transmitted correspondence to Knoedler on or about February 8, 1966 and said correspondence is attached as Exhibit D to the Second Amended Complaint. Knoedler further states that said correspondence is a written document that speaks for itself and denies that this paragraph accurately reflects all opinions or information in said correspondence.

14. Knoedler admits transmitting correspondence to the Plaintiff on or about February 9, 1966 and said correspondence is attached as Exhibit E to the Second Amended Complaint. Knoedler further states that said correspondence is a written document that speaks for itself and denies that this paragraph accurately reflects all opinions or information in said correspondence.

15. The allegations in this paragraph lack sufficient specificity to either admit or deny.

16. Knoedler states that the letter attached as Exhibit F to the Second Amended Complaint is May 24, 1966 correspondence, not September 24, 1966 correspondence as stated by the Museum. Knoedler admits transmitting correspondence on or about May 24, 1966 to the Plaintiff, states that said correspondence is a written document that speaks for itself, and denies that this paragraph accurately reflects all opinions or information in said correspondence. Knoedler further answers that in the May 24, 1966 letter it stated the "Italians have now come upon" the correct size of the Bassano and that Knoedler had a "sneaking suspicion that you and I feel that we are dealing with one and the same picture."

17. Knoedler is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. Knoedler admits that on or about October 20, 2000, the Italian Government sent a letter to Plaintiff claiming that the painting in question was stolen from the Italian Embassy in Warsaw during World War II.

19. This paragraph calls for a conclusion of law and does not require a response. To the extent a response is required, denied.

20. Denied.

21. Knoedler is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. Admitted. Further answering, to the extent that this paragraph is intended to imply that the Plaintiff suffered damaged as a result of Knoedler's actions at some time after June 22, 2001, that further allegation is denied.

23. Admitted.

24. Knoedler denies that Plaintiff has any legitimate claim against Knoedler for "compensation," and on that basis, Knoedler admits that it has refused Plaintiff's demand for payment as set forth in paragraph 17 of the Amended Complaint.

25. This paragraph calls for a conclusion of law and does not require a response. To the extent a response is required, denied.

## COUNT I – BREACH OF CONTRACT

26. Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-25 of the Second Amended Complaint.

27. This paragraph calls for a conclusion of law and does not require a response.

28. Knoedler is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

4

## COUNT II – BREACH OF IMPLIED WARRANTY

34. Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-25 of the Second Amended Complaint.

35. This paragraph calls for a conclusion of law and does not require a response.

36. Denied.

37. Denied.

38. Paragraph 30 does not require a response.

## COUNT III – FRAUD AND DECEIT

39. Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-25 of the Second Amended Complaint.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT IV – NEGLIGENT MISREPRESENTATIONS

44. Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-25 of the Second Amended Complaint.

45. Denied.

46. Denied.

## COUNT V – INNOCENT MISREPRESENTATION

47. Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-25 of the Second Amended Complaint.

48. Denied.

49. Denied.

## COUNT VI – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

50. Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-25 of the Second Amended Complaint.

51. This paragraph calls for a conclusion of law and, therefore, does not require a response.

52. Denied.

53. Denied.

## COUNT VII – VIOLATION OF M.G.L. c. 93A §§ 2, 11

54. Knoedler incorporates by reference, as if fully set forth herein, its previous answers to paragraphs 1-25 of the Second Amended Complaint.

55. Denied.

56. Denied.

57. Denied.

### Second Defense

Plaintiff's claims are each barred by the applicable statute of limitations.

### Third Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Seventh Defense

Plaintiff's damages, if any, were proximately caused by the acts of third parties, over whom Knoedler had no control.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

### Ninth Defense

The damages sustained by Plaintiff, if any, were proximately caused, in whole or in part, by Plaintiff's own acts and omissions.

### Tenth Defense

A seal is inoperable on a contract for the sale of goods and the law with respect to sealed instruments does not apply to the Bill of Sale. M.G.L. c. 106 § 2-203 (2003).

### Eleventh Defense

M.G.L. c. 93A does not apply to the conduct of which the Plaintiff complains.

KNOEDLER ARCHIVUM, INC.

By its attorneys,

/s/ Amy J. Berks
Kenneth W. Salinger (BBO #556967)
Amy J. Berks (BBO #652491)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
ksalinger@palmerdodge.com
aberks@palmerdodge.com

*Of Counsel:*
Andrius R. Kontrimas
Texas State Bar No. 11672300
Kerry M. McMahon
Texas State Bar No. 00797053
JENKENS & GILCHRIST, P.C.
1401 McKinney, Suite 2700
Houston, TX  77010

November 26, 2003