UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC.,<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KNOEDLER ARCHIVUM, INC. f/k/a<br>M. KNOEDLER & COMPANY, INC.,<br>　　　　　　　　　Defendant. | Civil Action<br>No. 03-CV-30219-MAP |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT KNOEDLER ARCHIVUM, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Kenneth W. Salinger (BBO #556967)
Amy J. Berks (BBO #652491)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
ksalinger@palmerdodge.com
aberks@palmerdodge.com

*Of Counsel:*
Andrius R. Kontrimas
Kerry M. McMahon
JENKENS & GILCHRIST, P.C.
1401 McKinney, Suite 2700
Houston, TX 77010

February 3, 2004

## Table of Contents

|  |  | Page |
|---|---|---|

SUPPLEMENTAL ARGUMENT ............................................................................................. 1

    I.    The Limitations Period on the Museum's Claims Began to Run in 1955 ............. 1

        A.    The Limitations Period for a Claimed Breach of Contract for Sale Runs from the Time of Sale, and is Not Subject to Tolling Under the Discovery Rule .................................................................................... 1

        B.    All of the Museum's Claims Sound in Contract, and None May Be Treated As a Tort Claim for the Purpose of Applying the Statute of Limitations ................................................................................................. 2

        C.    Knoedler's Refusal to Pay Off the Museum in 2002 Cannot Give Rise to a Fresh Claim ............................................................................... 3

    II.    The Museum's Factual Allegations Cannot Support a Claim of "Equitable Estoppel" Against Knoedler ..................................................................................... 4

        A.    Knoedler Is Not Claimed to Have Made Any Affirmative Representation That Induced the Museum to Wait Decades Before Bringing Suit ............................................................................................. 4

        B.    Knoedler Is Not Claimed to Have Done Anything After 1966 to Induce the Museum to Wait Almost 40 Years Before Filing Suit ............. 5

CONCLUSION ............................................................................................................................ 6

## Supplemental Argument

I. THE LIMITATIONS PERIOD ON THE MUSEUM'S CLAIMS BEGAN TO RUN IN 1955.

As discussed at oral argument, this Court need not even address the baseless "tolling" arguments proffered by plaintiff Springfield Library and Museum Association, Inc. (the "Museum"). Claims for breach of a contract for sale accrue, and the limitations period begins to run, at the time the good is sold. No discovery rule applies. The Museum cannot get around this rule of law by attempting to stylize some of its counts as tort claims. All of the Museum's claims, however labelled, sound in contract and are time-barred under this rule.

### A. The Limitations Period for a Claimed Breach of Contract for Sale Runs from the Time of Sale, and is Not Subject to Tolling Under the Discovery Rule.

*Wilson v. Hammer Holdings, Inc.*, 671 F.Supp. 94, 96-97 (D. Mass. 1987) (Caffrey, J.), *aff'd*, 850 F.2d 3 (1st Cir. 1988), is the one case in this District concerning the sale of a painting later claimed to have a provenance or origin different from that warranted by the seller. *Wilson* holds that such claims accrue at the time of delivery, and that no "discovery rule" operates to toll the statute of limitations until a later date when the alleged breach is first discovered. *See* 671 F.Supp. at 96-97, *aff'd*, 850 F.2d at 6-7.

*Wilson* is consistent with the Uniform Commercial Code, which expressly provides that any cause of action for breach of a contract for sale of a good "accrues when the breach occurs, **regardless of the aggrieved party's lack of knowledge of the breach**," and that "[a] breach of warranty occurs when tender of delivery is made." Mass. G.L. c. 106, § 2-725(2) (emphasis added). *Cf. Bay State-Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Co.*, 404 Mass. 103, 106-111 (1989) (holding, at page 110, that the discovery rule only applies to "breach of warranty actions that are in essence products liability actions," and does not apply to "contractually based warranty claims") (quoting *Wilson v. Hammer Holdings*, 850 F.2d at 7-8).

Although the UCC was not adopted until 1957, the rule set forth in Section 2-725 merely codified the prior common law. Indeed, the UCC expressly states that "[t]his section does not alter the law on tolling of the statute of limitations." G.L. c. 106, § 2-725(4).

Under the common law in effect in Massachusetts as of the 1955 sale to the Museum, the limitations period on a claim that the defendant sold something to which it did not have proper title began to run at the time of the sale, and was not subject to tolling under a discovery rule. *Boston Towboat Co. v. Medford Nat'l Bank*, 232 Mass. 38, 121 N.E. 491 (1919) (claim that two promissory notes and an order transferring shares of stock were forged held to be time-barred because the statute of limitations began to run as soon as the notes and stock were conveyed); *Perkins v. Whelan*, 116 Mass. 542 (1875) (holding that a claimed "breach of the warranty of title implied in the sale of [a] horse ... occurred at the time of the sale, and the right to sue therefore then accrued," and that it was "immaterial" that the plaintiff claimed "to have no knowledge of any defect in his title" until after the limitations period had run).

Thus, the limitations period began to run on the Museum's claims as of the date of the sale of the painting in 1955. It was not subject to tolling under the discovery rule. The Museum's claims against defendant Knoedler Archivum, Inc. ("Knoedler") are therefore time-barred.

### B. All of the Museum's Claims Sound in Contract, and None May Be Treated As a Tort Claim for the Purpose of Applying the Statute of Limitations.

The same limitations period and rule applies to all of the Museum's claims, including those stylized as tort or statutory claims. "In choosing the correct limitations period [a court must] look to the essential nature of the action, not its form." *Solomon v. Birger*, 19 Mass. App. Ct. 634, 639, 477 N.E.2d 137, 142 (1985). All of the Museum's claims are in essence claims for breach of a sales contract, and for purposes of applying the statute of limitations none of them

may be treated as tort claims subject to a discovery rule. *See Wilson*, 671 F.Supp. at 97-98, *aff'd* 850 F.2d at 8-9; *Bay State-Spray*, 404 Mass. at 107-111.

Indeed, it is well settled that where, as here, the only claimed damages are to recover alleged economic loss, and there is no claimed personal injury or damage to property, the only available claims are "contract-based" and no recovery is permitted in tort. *Bay State-Spray*, 404 Mass. at 107; *see also, e.g., Marcil v. John Deere Industrial Eqpt. Co.*, 9 Mass. App. Ct. 625, 630 fn.3, 403 N.E.2d 430, 434 fn.3 (1980) (for the purpose of applying this rule, "economic loss" includes claimed "damages for inadequate value"). Claims of the kind asserted by the Museum are "simply ... not in the nature of a negligence cause of action," but instead sound in contract as a claim for breach of a contract for sale. *Wilson*, 850 F.2d at 8-9. Thus, all of the Museum's claims are time-barred.

### C. Knoedler's Refusal to Pay Off the Museum in 2002 Cannot Give Rise to a Fresh Claim.

The Museum also tries to circumvent the statute of limitations by asserting that Knoedler's refusal to accede to the Museum's December 2001 demand for payment constitutes an independent violation of duty, separate and apart from the alleged sale in 1955 of a painting which Knoedler had incorrectly thought it owned. *See* Museum's Opposition Brief at 8. That assertion must also be rejected.

> Plaintiff's argument is in essence that by failing to remedy its first breach, the defendant committed a second breach, giving rise to a brand new cause of action and starting anew the limitations period. The fallacy of this approach is apparent. If we adopted plaintiff's position, limitations periods could be extended for virtually infinite time. We doubt that the Legislature intended such a result.

*New England Power Co. v. Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 31, 477 N.E.2d 1054, 1058 (1985), quoting *Centennial Ins. Co. v. General Elec. Co.*, 74 Mich. App. 169, 172, 253 N.W.2d 696 (1977).

## II. THE MUSEUM'S FACTUAL ALLEGATIONS CANNOT SUPPORT A CLAIM OF "EQUITABLE ESTOPPEL" AGAINST KNOEDLER.

For the first time at oral argument, the Museum tried to assert that Knoedler should be barred under the doctrine of equitable estoppel from asserting its statute of limitations defense. That assertion is without merit, for the reasons stated by Knoedler at oral argument. To make out such a claim of equitable estoppel, the Museum would have the burden of proving that representations by Knoedler "lulled the plaintiff into the false belief that it was not necessary ... to commence action within the statutory period of limitations," that any reliance by the Museum on such representations was reasonable, and that statements by Knoedler in fact caused the Museum "to delay taking appropriate, timely legal action." *Pagliarini v. Iannoco*, 440 Mass. 1032, 1032, 800 N.E.2d 696, 698 (2003). The Museum cannot meet this burden because: (i) the Museum cannot identify any affirmative representation by Knoedler upon which the Museum allegedly relied in choosing not to sue Knoedler for many decades; and (ii) in any case the supposedly "lulling" conduct by Knoedler ceased in 1966.

### A. Knoedler Is Not Claimed to Have Made Any Affirmative Representation That Induced the Museum to Wait Decades Before Bringing Suit.

Unless Knoedler "'made representations [it] knew or should have known would induce the plaintiff to put off bringing suit and ... the plaintiff did in fact delay in reliance on the representations,' there is no estoppel." *Olsen v. Bell Telephone Laboratories, Inc.*, 388 Mass. 171, 176, 445 N.E.2d 609, 612 (1983), quoting *White v. Peabody Constr. Co.*, 386 Mass. 121, 134-135, 434 N.E.2d 1015 (1982).

Here, there is no allegation that the Museum relied upon any such representations by Knoedler. The new "equitable estoppel" argument is based solely on questions raised jointly by the Museum and Knoedler regarding what information was available to evaluate the claims threatened by the Italian Government.

-4-

As this Court has recently held, merely asking for additional information regarding threatened claims cannot result in a party being equitably estopped from relying on a statute of limitations. *Safe Environment of America, Inc. v. Employers Ins. of Wausau*, 278 F.Supp.2d 121, 127-128 (D.Mass. 2003) (Neiman, M.J.). The Museum makes no allegation, and has not pointed to any factual support for an allegation, that Knoedler made affirmative representations which in fact caused the Museum to sit on its claimed rights for some 40 years. For this reason, there is no basis for equitable estoppel in this case.

**B.    Knoedler Is Not Claimed to Have Done Anything After 1966 to Induce the Museum to Wait Almost 40 Years Before Filing Suit.**

There is a second, independent reason why Knoedler may not be equitably estopped from asserting its statute of limitations defense. "Equitable estoppel will not apply if a reasonable time remains within the limitations period for filing the action once the circumstances inducing the delay have ceased." *Pagliarini*, 440 Mass. at 1032, 800 N.E.2d at 698. The Museum argues that questions raised by Knoedler in 1966 may form the basis for equitable estoppel. But it makes no allegation that Knoedler continued to engage in any "inducing conduct" after 1966. At that point in time the Museum still had approximately nine years to file timely claims.

Since the Museum still had plenty of time to act after 1966, as a matter of law Knoedler may not be equitably estopped from obtaining the proper benefit of the statutory limitations period. See *Deisenroth v. Numonics Corp.*, 997 F.Supp. 153, 157 (D.Mass. 1998) (Saris, J.) (statute of limitations defense not waived where defendant did not "gull" plaintiff by making representations regarding settlement throughout entire limitations period; discussions had ceased at least one year before expiration of three-year statute of limitations); *Ford v. Rogovin*, 289 Mass. 549, 553, 194 N.E. 719, 720 (1935) (where all statements on which estoppel claim was based were made within two months of accrual of cause of action, "there were no words or

-6-

conduct of the defendant calculated to lull the plaintiff into security" during the remaining 10 months of the limitations period, defendant could not be equitably estopped from asserting its statute of limitations defense).

### Conclusion

For the reasons set forth above and in Knoedler's initial brief, the claims brought by the Museum are barred by the applicable statutes of limitations and must be dismissed.

KNOEDLER ARCHIVUM, INC.

By its attorneys,

*[signature]*

Kenneth W. Salinger (BBO #556967)
Amy J. Berks (BBO #652491)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
ksalinger@palmerdodge.com

*Of Counsel:*
Andrius R. Kontrimas
    Texas State Bar No. 11672300
Kerry M. McMahon
    Texas State Bar No. 00797053
JENKENS & GILCHRIST, P.C.
1401 McKinney, Suite 2700
Houston, TX 77010

February 3, 2004

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by mail on February 3, 2004.

*[signature]*