UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SPRINGFIELD LIBRARY AND )
MUSEUM ASSOCIATION, INC., )
   Plaintiff, )
   )
vs. )  CIVIL ACTION NO. 03CV30219-MAP
   )
KNOEDLER ARCHIVUM, INC., )
f/k/a M. KNOEDLER & COMPANY, INC., )
   Defendant. )

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE
TO FILE REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS
ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Mark D Mason, Esq.
BBO No. 544936
Cooley, Shrair P.C.
1380 Main Street, 5th Floor
Springfield, MA 01103
Phone (413) 781-0750
Fax (413) 733-3042
mmason@cooleyshrair.com

{Document=X:\DOCS\21553\15\motion\00061319.DOC;1}

Plaintiff, Springfield Library and Museum Association, Inc. (the "Museum"), respectfully opposes Defendant's, Knoedler Archivum, Inc., f/k/a M. Knoedler & Company, Inc. ("Knoedler"), instant Motion. To the extent this Court allows Knoedler's instant Motion, the Museum respectfully requests this Court grant leave for the Museum to file its Rebuttal as set forth below.

## REBUTTAL TO DEFENDANT'S REPLY MEMORANDUM

A.  The Museum Has Not Mischaracterized Factual Issues.

Knoedler fails to point to anything in the Museum's Opposition that "mischaracterizes factual issues important to the resolution of the motion." See Defendant's Motion for Leave to File Reply Memorandum in Support of Defendant's Objections to the Magistrate Judge's Report and Recommendation on Defendant's Motion for Judgment on the Pleadings. Knoedler tries to assuage this Court into believing the Museum has mischaracterized factual issues. Rather, Knoedler merely reiterates its argument set forth in its Objection to the Magistrate Judge's Report and Recommendations on Defendant's Motion for Judgment on the Pleadings. Knoedler reattempts to utilize the cited cases and compares them to the case at bar. The Museum leaves the distinction of such cases, at this juncture, to the opinion of this Court.

B.  The Bill of Sale Constitutes Material Factual Representation.

The Bill of Sale at issue constitutes Defendant's material factual representation and not a "novel, bootstrap argument" as Defendant alleges. In the Bill of Sale, Knoedler "covenant[s] with the grantee it [is] the lawful owner of said goods and chattels; that they are free from all encumbrances; that it have [sic] good right to sell same as aforesaid; and that it will warrant and defend the same against the lawful claims and demands of all persons." See Report and Recommendation at Page 2. The Bill of Sale further provides that the subject painting came from "a Swiss lady in whose family the picture had remained for a very long time." See Id. at 10-11, footnote 5. (Emphasis added.) Knoedler's representations, as such, are not opinions. Rather, the Museum lawfully relied upon such representations and believed that Knoedler was passing good and clear title to Spring Sowing to the Museum. Knoedler's representations, in this regard, are not mere opinions and are factual in nature.

Knoedler's factual misrepresentations are not limited to the Bill of Sale. In this regard, Knoedler's statements set forth in the 1966 correspondence between Knoedler and the Museum are not statements of opinion. For example, in its May 24, 1966 correspondence, a copy of which is attached to Knoedler's Memorandum in Support of its Motion for Judgment on the pleadings at <u>Exhibit I</u>, Knoedler's librarian, Helmut Ripperger, wrote to the Museum's Director as follows:

> You will recall that [the Italian government's] sole evidence, as far as I know, is their dependence on the statement in Arslan's book, the 1960 edition. I think it now time to call their attention to <u>the facts as given by this author</u>.

(Emphasis added.) Mr. Ripperger goes on to point out factual inconsistencies in the Italian Government's assertion that the painting at issue was stolen during World War II.

C.   <u>The Museum Does Not Concede Issues Relating to the Discovery Rule and Fraudulent Concealment</u>.

Knoedler's assertion that the Museum concedes issues relating to tolling of the limitations period under the discovery rule or the Museum's theory f fraudulent concealment overstates the case. In his Report and Recommendation, Magistrate Judge Neiman stated, in discussing the Museum's theory of fraudulent concealment, "In the absence of such pleading of proof, the court is unconvinced, <u>at this time</u>, that the fraudulent concealment may be used to toll the limitations." "Of course, the absence of such pleading of proof does not mean that plaintiff's fraud-based counts (e.g., Counts III and VII) need to be dismissed outright, perhaps pursuant to Fed.R.Civ.P. 9(b). Not only is that question not before the court, <u>the complaint appears to adequately allege at least two instances of fraud</u>[5]". (Emphasis added.) Report and Recommendation at Page 10. The Museum does not concede issues relating to fraudulent concealment or the discovery rule to the extent Magistrate Judge Neiman's ruling is limited to the Motion before this Court.

## CONCLUSION

For the reasons set forth in its Oppositions to Defendant's Motion for Judgment on the Pleadings and Defendant's instant Objection, as well as set forth above, the Museum respectfully requests Knoedler's Objection be dismissed.

SPRINGFIELD LIBRARY AND MUSEUMS
ASSOCIATION, INC.

_____
MARK D MASON, ESQUIRE
Cooley, Shrair, P.C.
1380 Main Street, Fifth Floor
Springfield, MA 01103
Telephone: (413) 735-8040
Fax: (413) 733-3042

Dated: April 27, 2004            BBO# 544936

## CERTIFICATE OF SERVICE

I, Mark D. Mason, Attorney for the Plaintiff, do hereby certify that on April 27, 2004, I served or caused to be served upon Defendant a copy of Plaintiff's Opposition to Defendant's Motion for Leave to File Reply Memorandum in Support of Defendant's Objections to the Magistrate Judge's Report and Recommendations on Defendant's Motion for Judgment on the Pleadings by mailing same via First Class Mail, postage prepaid, upon:

Andrius Kontrimas, Esquire
Kerry M. McMahon, Esquire
Jenkins & Gilchrist
1100 Louisiana
Suite 1800
Houston, TX 77002

Kenneth W. Salinger, Esquire
Amy J. Berks, Esquire
Palmer & Dodge, LLP
111 Huntington Avenue
Boston, MA 02199

_____
MARK D MASON, ESQUIRE