UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPRINGFIELD LIBRARY AND MUSEUM ASSOCIATION, INC., <br>       Plaintiff, <br><br> v. <br><br> KNOEDLER ARCHIVUM, INC., <br> f/k/a M. Knoedler & Company, Inc. <br>       Defendant. | Civil Action <br> No. 03-CV-30219-MAP |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Kenneth W. Salinger (BBO #556967)
Amy J. Berks (BBO #652491)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
ksalinger@palmerdodge.com
aberks@palmerdodge.com

*Of Counsel:*
Andrius R. Kontrimas
Texas State Bar No. 11672300
Kerry M. McMahon
Texas State Bar No. 00797053
JENKENS & GILCHRIST, P.C.
1401 McKinney, Suite 2700
Houston, TX  77010

April 14, 2004

**Table of Contents**

**Page**

Reply Argument ........................................................................................................................ 1

    I.    THE MUSEUM'S FACTUAL ALLEGATIONS, EVEN IF PROVEN, COULD NOT SUPPORT ANY FINDING THAT KNOEDLER IS EQUITABLY ESTOPPED FROM ASSERTING ITS STATUTE OF LIMITATIONS DEFENSE............................................... 1

        A.    The Museum Has Not Identified Any Factual Representations by Knoedler Upon Which the Museum Could Have Reasonably Relied to Delay Bringing Its Claims ............................................................ 1

            1.    "Mere Statements of Opinion or Belief" Cannot Give Rise to Equitable Estoppel ....................................................................... 1

            2.    Predictions of Possible Conduct by Third Parties Cannot Give Rise to Equitable Estoppel ...................................................... 2

            3.    The Almost 40-Year Delay Between the Last Claimed "Representations" By Knoedler and the Filing of the Museum's Claims Renders Its Equitable Estoppel Argument Wholly Insubstantial As a Matter of Law ..................... 3

        B.    Since the Museum Knew That the 1966 Opinions of Knoedler's Librarian Were Inconsistent With the Claims by the Italian Government, It Was Unreasonable as a Matter of Law for the Museum to Rely on the Librarian ................................................................ 3

    II.    THE MAGISTRATE JUDGE ERRED IN RECOMMENDING THAT KNOEDLER'S REFUSAL TO PAY THE MUSEUM'S SETTLEMENT DEMAND IN DECEMBER 2001 COULD GIVE RISE TO A NEW BREACH OF WARRANTY IN VIOLATION OF CHAPTER 93A ....................................................................................................... 4

    III.    THE MUSEUM DOES NOT DISPUTE THAT THE MUSEUM'S CLAIMS ACCRUED IN 1955, AND THAT THE LIMITATIONS PERIOD MAY NOT BE TOLLED EITHER UNDER THE DISCOVERY RULE OR A "FRAUDULENT CONCEALMENT" THEORY ............................................................................................................................... 5

Conclusion ................................................................................................................................ 6

## Reply Argument

In its Objections to the Magistrate Judge's Report and Recommendations, defendant Knoedler Archivum, Inc. ("Knoedler") asks the Court to allow Knoedler's Motion for Judgment on the Pleadings on the ground that, even accepting as true all facts alleged in the Second Amended Complaint, the claims of plaintiff Springfield Library and Museum Association, Inc. (the "Museum") are time-barred. In this short reply brief, Knoedler identifies the glaring omissions and weaknesses in the Museum's Opposition to these Objections.

I.  **THE MUSEUM'S FACTUAL ALLEGATIONS, EVEN IF PROVEN, COULD NOT SUPPORT ANY FINDING THAT KNOEDLER IS EQUITABLY ESTOPPED FROM ASSERTING ITS STATUTE OF LIMITATIONS DEFENSE.**

    A.  **The Museum Has Not Identified Any Factual Representations by Knoedler Upon Which the Museum Could Have Reasonably Relied to Delay Bringing Its Claims.**

        1.  **"Mere Statements of Opinion or Belief" Cannot Give Rise to Equitable Estoppel.**

Knoedler demonstrated at page 8 of its Objections that "mere statements of opinion or belief" are not representations that could ever give rise to equitable estoppel, *Rodowicz v. Mass. Mut. Life Ins. Co.*, 192 F.2d 162, 178 (1st Cir. 1999), and similarly that an "expression of an opinion on a question of law … would not operate as an estoppel," *Goldstein v. Tucker*, , 230 Mass. 259, 262, 119 N.E. 693, 694 (1918).

In response, the Museum first argues that Knoedler made "a number of [factual] representations intended to induce the Museum to pursue a particular course of conduct." Museum's Opposition at 2-3. The Museum claims that communications from Knoedler in 1966 in connection with the initial inquiries by the Italian Government could give rise to equitable estoppel. But it is undisputed that none of those 1966 communications contained any representations of fact that could give rise to estoppel. The only *fact* cited to by the Museum is Knoedler's statement that it has written to "the firm in Lucerne from which we acquired the

picture," and this statement is insufficient to give rise to estoppel. The Museum's only other argument is that Knoedler "pose[d] a number of unresolved questions" in 1966. Museum's Opposition at 3. The various statements of opinion or belief and the posing of questions by Knoedler's librarian in 1966 cannot give rise to any estoppel, as a matter of law. *See, e.g., Rodowicz*.

Then, for the first time, the Museum attempts to argue that in considering the Italian Government's claim in 1966 it relied on factual representations that Knoedler is claimed to have made in connection with the sale of the painting in 1955. *See* Museum's Opposition at 5-7. The Museum argues that representations contained in the bill of sale in 1955 "are categorically factual in nature. They are not mere opinions." Museum's Opposition at 7. This argument misses the point as the Museum cannot have made factual representations intended to lull the plaintiff into inaction before *either* party had any reason to suspect a dispute would arise. The Museum cites no legal authority for this novel bootstrap argument which would allow it to continue to rely on representations made some eleven years prior to the 1966 events, an outcome contrary to the law of equitable estoppel as demonstrated by Knoedler at pages 13-14 of its Objections.

    **2.    Predictions of Possible Conduct by Third Parties Cannot Give Rise to Equitable Estoppel.**

Knoedler also demonstrated, at pages 7-8 of its Objections, that as a matter of law assurances regarding what a third party may or may not do cannot support an equitable estoppel claim. *See Ford v. Rogovin*, 289 Mass. at 550-553, 194 N.E. at 719-720. The Museum is unable to muster any response to this point.

3.   **The Almost 40-Year Delay Between the Last Claimed "Representations" By Knoedler and the Filing of the Museum's Claims Renders Its Equitable Estoppel Argument Wholly Insubstantial As a Matter of Law.**

The Museum's assertion that *Ford v. Rogovin* is "distinguishable on its facts" is puzzling. *See* Museum's Opposition at 4. The Museum concedes that a separate holding in *Ford* is that where a defendant does nothing during the last 10 months of a limitations period to induce a plaintiff not to file suit, as a matter of law the defendant cannot be equitably estopped from asserting its limitations defense on the basis of earlier representations by the defendant. Here, it is undisputed that Knoedler did nothing to lull the Museum into inaction for almost 40 years. The fact that the delay between the last claimed "representations" by Knoedler (in 1966) and the filing of the Museum's claims (in 2003) lasts 37 years or so, and thus over 40 times as long as the plaintiff's delay in *Ford v Rogovin*, does not make the holding in that case "distinguishable." Nor does it indicate, as suggested by the Museum, that such a long delay shows that the Museum's reliance was reasonable – presumably a wait of 100 years would be even stronger evidence of such, a perverse result. *See* Museum's Opposition at 5. Rather, it renders the Museum's claims in this case entirely baseless as a matter of law. *See* Knoedler's Objections at 13-14, and cases cited therein.

B.   **Since the Museum Knew That the 1966 Opinions of Knoedler's Librarian Were Inconsistent With the Claims by the Italian Government, It Was Unreasonable as a Matter of Law for the Museum to Rely on the Librarian.**

The Museum's attempt to explain away *Trifiro v. New York Life Ins. Co.*, 845 F.2d 30, (1st Cir. 1988), is also without substance. *Trifiro* holds that because "explicit conflict engenders doubt," it is unreasonable as a matter of law to rely upon statements which conflict with other known facts or assertions. 845 F.2d at 33-34. In this case, the Museum acknowledges that the 1966 opinions by Knoedler's librarian were known to conflict with the claims of the Italian

Government. For this reason as well, the Museum's equitable estoppel claim would fail as a matter of law even if it proved all the facts alleged in its complaint.

The Museum attempts to distinguish *Trifiro*. It argues that the only relevant holding in *Trifiro* is that the plaintiff in that case "acted in a manner contrary to his own knowledge and understanding of the facts," and for that reason could not make out a claim of equitable estoppel. *See* Museum's Opposition at 5.

This argument improperly ignores the immediately following paragraph in the First Circuit's decision. The First Circuit went on to hold that "even if" the Court were to ignore the fact that the plaintiff had acted contrary to his own understanding of the facts, "still his reliance must be deemed unreasonable" because he was aware that the statement upon which he now claimed to have relied conflicted with other known statements. 845 F.2d at 33-34; *accord Sands v. Ridefilm Corp.*, 212 F.3d 657, 664-665 (1st Cir. 2000) (affirming summary judgment on promissory estoppel claim); *Benitez-Pons v. Puerto Rico*, 136 F.3d 54, 63-64 (1st Cir. 1998) (affirming summary judgment against claim that defendant should be equitably estopped from asserting statute of limitations defense).

**II.    THE MAGISTRATE JUDGE ERRED IN RECOMMENDING THAT KNOEDLER'S REFUSAL TO PAY THE MUSEUM'S SETTLEMENT DEMAND IN DECEMBER 2001 COULD GIVE RISE TO A NEW BREACH OF WARRANTY IN VIOLATION OF CHAPTER 93A.**

The Museum asserts that Knoedler made "false statements of fact" when it sold the painting to the Museum in 1955. *See* Museum's Opposition at 10. But it is undisputed that G.L. c. 93A was not in effect at that time, and does not apply to that conduct. *See* Knoedler's Objections at 14-15.

Thus, the Museum bases its 93A claim on its assertion that "Knoedler committed unfair and deceptive trade practices when it refused to honor the Museum's demand transmitted on December 14, 2001." *See* Museum's Opposition at 10. But, as Knoedler demonstrated at pages

- 4 -

15-16 of its Objections, as a matter of law a failure to remedy a breach of warranty does not constitute an independent violation of legal duty, and cannot give rise to any claim. *See New England Power Co. v. Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 31, 477 N.E.2d 1054, 1058 (1985) (affirming summary judgment, holding that promise to "repair and make good" was not an independent warranty). The Museum makes no attempt to distinguish *Riley Stoker*, and fails to cite any authority for its misguided theory.

Knoedler also demonstrated that even if its refusal of the Museum's 2001 settlement demand could constitute an independent breach of warranty, which it cannot as a matter of law, such a breach would not be sufficient to make out any claim under G.L. c. 93A. *See* Knoedler's Objections at 16. The Museum ignores this point entirely. Its failure to respond is eloquent confirmation that Knoedler is correct, and that this is an independent reason why the Museum's complaint fails to state a claim under c. 93A as a matter of law.

**III.    THE MUSEUM DOES NOT DISPUTE THAT THE MUSEUM'S CLAIMS ACCRUED IN 1955, AND THAT THE LIMITATIONS PERIOD MAY NOT BE TOLLED EITHER UNDER THE DISCOVERY RULE OR A "FRAUDULENT CONCEALMENT" THEORY.**

The Magistrate Judge found that the Museum's claims accrued in 1955, and that the limitations period is not subject to tolling either under the discovery rule or under a fraudulent concealment theory. Knoedler demonstrated that these findings are correct. *See* Knoedler's Objections at 17-20. The Museum did not submit objections to the Magistrate Judge's Report as required by Fed. R. Civ. Proc. 72(b) nor does the Museum dispute these findings in its Opposition, and it thereby concedes these points.

## **Conclusion**

For the reasons set forth above and in Knoedler's original Objections, all the claims brought by the Museum are barred by the applicable statutes of limitations and must be dismissed.

>KNOEDLER ARCHIVUM, INC.
>
>By its attorneys,
>
>____/s/ Kenneth W. Salinger_____
>Kenneth W. Salinger (BBO #556967)
>Amy J. Berks (BBO #652491)
>PALMER & DODGE LLP
>111 Huntington Avenue
>Boston, MA 02199
>(617) 239-0100
>ksalinger@palmerdodge.com
>aberks@palmerdodge.com
>
>*Of Counsel:*
>Andrius R. Kontrimas
>Texas State Bar No. 11672300
>Kerry M. McMahon
>Texas State Bar No. 00797053
>JENKENS & GILCHRIST, P.C.
>1401 McKinney, Suite 2700
>Houston, TX  77010

April 14, 2004

- 7 -

## CERTIFICATE OF SERVICE

I, Amy J. Berks, attorney for Knoedler Archivum, Inc. in this matter do hereby certify that in accordance with Fed. R. Civ. P. 5(b), on April 14, 2004, a copy of Defendant's Objections to the Magistrate Judge's Report and Recommendation on Defendant's Motion for Judgment on the Pleadings was served by mail on the attorney of the opposing party.

Signed under the pains and penalties of perjury this 14th day of April, 2004.


                                                /s/ Amy J. Berks
                                               Amy J. Berks