UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SPRINGFIELD LIBRARY AND ) <br> MUSEUM ASSOCIATION, INC., ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> KNOEDLER ARCHIVUM, INC. f/k/a ) <br> M. KNOEDLER & COMPANY, INC., ) <br> Defendant ) <br> ) | CIVIL ACTION NO. 03-30219-RCL <br><br> **JOINT STATEMENT AND <br> PROPOSED CASE SCHEDULE** |

1. **CONCISE SUMMARY OF THE POSITIONS ASSERTED BY THE PARTIES:**

   a. **Plaintiff's Position**

   Plaintiff, Springfield Library and Museum Association, Inc. f/k/a The Springfield Museums (the "Springfield Museums") brings this action against Defendant, Knoedler Archivum, Inc. f/k/a M. Knoedler & Company, Inc. ("Knoedler") for Breach of Contract (Count I), Breach of Implied Warranty (Count II), Fraud and Deceit (Count III), Negligent Misrepresentation (Count IV), Innocent Misrepresentation (Count V), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count VI) and Violations of M.G.L. c. 93A §§ 2, 11 (Count VII) stemming from Knoedler's sale to the Springfield Museums of a painting entitled <u>Spring Sowing</u> by the Italian artist Jacopo da Ponte known as Il Bassano ("Spring Sowing").

   The Springfield Museums is a charitable corporation organized under the laws of Massachusetts. The Springfield Museums is the successor in interest to the Springfield Museums and acquired all its right, title and interest in and to the within action.

21553.15/69445

In or about 1955, Knoedler and the Springfield Museums entered into an agreement (the "Agreement") for the sale of Spring Sowing in consideration for payment of Five Thousand Dollars ($5,000.00). The terms and conditions of the Agreement are memorialized in a Bill of Sale of Personal Property dated April 25, 1955. A copy of the Bill of Sale of Personal Property ("Bill of Sale") is attached to the Amended Complaint as Exhibit "A." The Bill of Sale sets forth that Knoedler "hereby covenant[s] with the grantee that it [is] the lawful owner of the said goods and chattels; that they are free from all encumbrances that it have [sic] good right to sell same as aforesaid; and that it will warrant and defend the same against lawful claims and demands of all persons." The Bill of Sale is signed under seal.

Prior to sale of Spring Sowing, Knoedler represented to the Springfield Museums that it maintained an expertise in the sale of Italian Renaissance paintings such as Spring Sowing. Prior to the sale of Spring Sowing, Knoedler represented to the Springfield Museums that it had examined Spring Sowing's provenance and that Knoedler maintained clear title to sell Spring Sowing to the Springfield Museums. Knoedler's representations to the Springfield Museums were false whereas Knoedler was not the lawful owner of Spring Sowing and, hence, Knoedler did not maintain good title to sell Spring Sowing to the Springfield Museums. It was not until on or about October 20, 2000, that the Springfield Museums had a reasonable basis to believe Knoedler's representations to the Springfield Museums were false.

On or about October 20, 2000, the Italian Government transmitted correspondence to the Springfield Museums setting forth facts asserting that Spring Sowing had been stolen from the Italian Embassy in Warsaw during World War II. On June 22, 2001, the Springfield Museums returned Spring Sowing to the Italian government. Prior to June 22, 2001, the Springfield Museums had suffered no damage as a result of Knoedler's actions. On or about December 14, 2001, the

Springfield Museums demanded Knoedler compensate the Springfield Museums for the value of <u>Spring Sowing</u>. Knoedler has refused and continues to refuse the Springfield Museums' demand for compensation.

Plaintiff's claims are not relegated to Breach of Warranty Claims; it's damages are not limited to Breach of Warranty damages. In this regard, Magistrate Judge Neiman stated, "There are sufficient facts at this early state, to infer that Defendant should be equitably stopped from defeating Plaintiff's claims on Statute of Limitations grounds." Report and Recommendation dated March 1, 2004, at 8. "As the facts now stand, it appears that Defendant may well have made representations it knew or should have known would induce Plaintiff to put off bringing suit." <u>Id</u>. at 12. Moreover, Magistrate Judge Neiman did not foreclose Plaintiff's fraud-based claims. Magistrate Judge Neiman stated, "Of course, the absence of such pleading or proof does not mean that Plaintiff's fraud-based counts (e.g., Counts III and VII) need to be dismissed outright, perhaps pursuant to Fed. R. Civ. P. 9(b). Not only is that question not before the court, the complaint appears to adequately allege at least two instances of fraud. FN 5. The court's only point is that the distinct doctrine of 'fraudulent concealment' appears to be an insufficient basis upon which to defeat Defendant's statute of limitations argument." <u>Id</u>. at 10. (Footnote deleted.)

   b. <u>Defendant's Position</u>

   i. <u>There Was No Breach of Warranty:</u> Magistrate-Judge Neiman has ruled that all of the Plaintiff's claims are "varied expressions of contractual breaches of warranty." Report and Recommendation dated March 1, 2004, at 6. He explained that "[t]his is a classic case of a contractual breach of warranty and needs to be treated as such." <u>Id</u>. That finding was accepted by the Court, and is the law of the case. At the time that of the sale from Knoedler to the Plaintiff in 1955, Knoedler had a good faith basis for believing that it had good title to sell a painting called "Spring Sowing" by

Jacopo da Ponte il Bassano (the "Painting") to the Plaintiff.  Furthermore, it has never been proven that the painting to which the Italian government claimed title was in fact the same painting that was sold by Knoedler to the Plaintiff.  It was quite common at the time the Painting was created for artists to produce very close copies of existing works, often at the request of a particular buyer.  Complicating matters further, the Bassano style of painting was actually produced by seven different members of the da Ponte family.  The mere fact that the Italian government told the Plaintiff that it was the rightful owner of a painting that looked similar to the Painting sold by Knoedler without any other evidence establishing chain of title — including negating the possibility of a prior gift or sale by the Italian government — is not sufficient evidence to prove that Knoedler did not have good title.

**ii.  Plaintiff's Claims are Barred by the Statute of Limitations:**  In 1966, the Italian government told the Plaintiff that Italy was claiming title to the Painting.  That is undisputed.  The claims by the Italian government in 1966 put the Plaintiff on actual notice of its potential claims against Knoedler, and yet the Plaintiff waited almost 50 years to commence this action.  Magistrate Judge Neiman has found, and the Court has accepted, that "Plaintiff's claims against Defendant accrued in 1955." Report and Recommendation dated March 1, 2004, at 6.  Thus, unless the Plaintiff can prove that the limitations period was equitably tolled by misconduct of Knoedler independent of the fact of alleged breach of warranty, the Plaintiff's claims are all time barred.  *Id.* at 8-15.  Knoedler expects that the facts developed through discovery will demonstrate that Plaintiff's claims are time barred.

**iii.  Recoverable Damages Are Quite Limited:**  As noted above, all of the Plaintiff's claims are "varied expressions of contractual breaches of warranty." Report and Recommendation dated March 1, 2004, at 6.  Thus, if the Plaintiff were to prevail, it would only recover the $5,000 purchase price that it paid for the painting in 1955, plus statutory interest calculated as 12 percent

4

simple interest (non-compounding) per year. Damages for breach of warranty are measured as the difference, at the time that delivery was accepted, between the actual market value of the good in question and the value if it had been as warranted. *E.g.*, Mass. G.L. c. 106, § 2-714(2); *National Wholesale Grocery Co., Inc. v. Mann*, 251 Mass. 238, 250 (1925). Here, the Plaintiff agreed in the contract at issue that the painting was worth $5,000 at the time of the sale if its title was as warranted, and claims that at that time of sale the painting was in fact worthless because Knoedler was unable to convey good title. As a matter of law, the fact that the Plaintiff believes it could have subsequently sold the painting for substantially more money (if it had been able to obtain good title) is not relevant to the calculation of the damages it could recover at trial. *E.g., Learned v. Hamburger*, 245 Mass. 461, 469-470 (1923); *Brown v. Bigelow*, 92 Mass. (10 Allen) 242, 243-244 (1865).

      **iv. Plaintiff's Chapter 93A Claim Will Fail:** The sale of the painting in 1955 could not have violated G.L. c. 93A, because the statute was did not take effect until 1968 and has been found to have no retroactive effect. In responding to Knoedler's motion to dismiss, Plaintiff argued that Knoedler violated c. 93A by refusing to settle this case for $3 million as requested by the Plaintiff in December 2001. That claim will fail as a matter of law, as that theory has been rejected by the Massachusetts Appeals Court.

> Plaintiff's argument is in essence that by failing to remedy its first breach, the defendant committed a second breach, giving rise to a brand new cause of action and starting anew the limitations period. The fallacy of this approach is apparent. If we adopted plaintiff's position, limitations periods could be extended for virtually infinite time. We doubt that the Legislature intended such a result.

*New England Power Co. v. Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 31, 477 N.E.2d 1054, 1058 (1985), quoting *Centennial Ins. Co. v. General Elec. Co.*, 74 Mich. App. 169, 172, 253 N.W.2d 696 (1977).

**2. JOINT DISCOVERY PLAN:**

      The parties jointly propose the following Joint Discovery Plan:

  a. Fact discovery will commence forthwith and will be completed by July 1, 2005;

  b. Reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) will be due:

   1. from Plaintiff by August 5, 2005, if any; and
   2. from Defendant by September 9, 2005, if any.

  c. Expert depositions will be completed by October 14, 2005.

  d. The parties will file and serve dispositive motions on or before October 14, 2005.

Dated: October 28, 2004

| THE PLAINTIFF, | THE DEFENDANT, |
| --- | --- |
| SPRINGFIELD LIBRARY | KNOEDLER ARCHIVUM, INC., |
| AND MUSEUMS ASSOCIATION, INC. | f/k/a M. KNOEDLER & COMPANY, INC. |
| /s/ | /s/ |
| MARK D MASON, ESQ. | KENNETH W. SALINGER, ESQ. |
| Cooley, Shrair, P.C. | Palmer & Dodge LLP |
| 1380 Main Street | 111 Huntington Avenue |
| Springfield, MA 01103-1616 | Boston, MA 02119-7613 |
| Tel. (413) 781-0750 | Tel. (617) 239-0100 |
| Fax: (413) 733-3042 | Fax (617) 227-4420 |
| BBO# 544936 | BBO# 556967 |

## Local Rule 16.1(D) Certification

Mark D. Mason, Esq. counsel for Springfield Library and Museum Association, Inc., and Joseph Carvalho, III, a duly authorized representative of Springfield Library and Museum Association, Inc., hereby certify that they have conferred with a view to establishing a budget for the costs of conducting both the full course and various alternative courses for this litigation and have considered seeking resolution of the matter through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

| /s/ | /s/ |
|---|---|
| MARK D MASON, ESQ. | JOSEPH CARVALHO, III, President |
| Cooley, Shrair, P.C. | Springfield Library and |
| 1380 Main Street | Museum Association, Inc. |
| Springfield, MA 01103-1616 | |
| Tel. (413) 781-0750 | |
| Fax: (413) 733-3042 | |
| BBO# 544936 | |

## Local Rule 16.1(D) Certification by Knoedler

The undersigned hereby certify that defendant Knoedler Archivum, Inc., has conferred with counsel with a view to establishing a budget for the costs of conducting both the full course and various alternative courses for this litigation and have considered seeking resolution of the matter through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

| /s/ | /s/ |
|---|---|
| Kenneth W. Salinger, Esq. | Michael A. Hammer, President |
| Palmer & Dodge LLP | a duly authorized representative of |
| 111 Huntington Avenue | Knoedler Archivum, Inc., |
| Boston, MA 02119-7613 | |
| Tel. (617) 239-0100 | |
| Fax (617) 227-4420 | |
| BBO# 556967 | |

/s/
Andrius R. Kontrimas
   Texas State Bar No. 11672300
Jenkens & Gilchrist, P.C.
1401 McKinney, Suite 2600
Houston, TX 77010